## JOHN LIND v. THE CHICAGO, KANSAS & WESTERN RAILROAD COMPANY.

RAILROAD RIGHT-OF-WAY — *Under-Crossing, Not Shown in Profile — Refusal of Instruction, Error.* On an appeal from condemnation proceedings by a railway company, where the trial is had before the grading of the road-bed is completed, and the company introduces evidence that the engineer's profile shows, and he has ordered an under-crossing through which cattle could pass under the railroad from one side to the other, but there is nothing in the profile filed by the railroad company, nor in the report filed in the county clerk's office by the commissioners appointed to assess the damages for the land appropriated showing such crossing, the court should have instructed the jury, when requested by the owner of the land, that the company was not obliged, under the evidence, to maintain such under-crossing.

### *Error from Woodson District Court.*

JOHN LIND was the owner of the north half of section 32, township 25, range 16, in Woodson county. In February, 1887, *The C. K. & W. Rld. Co.*, in the method provided for by law, condemned a right-of-way through this tract. Commissioners were appointed, and their report was filed with the county clerk on February 15; on the 22d the plaintiff appealed from the award of damages; trial in the district court on March 15, 188–. Before the trial the defendant offered to confess judgment for $300.50. The jury returned a ver-

dict in favor of plaintiff for $250, and thereon the court rendered judgment accordingly.   He brings the case here.

G. R. *Stephenson*, and W. A. *Slavens*, for plaintiff in error.

Geo. R. *Peck*, A. A. *Hurd*, and J. G. *Egan*, for defendant in error.

Opinion by HOLT, C.: The plaintiff claims that there was error in the introduction of testimony, and in giving and refusing instructions.   The railway divides the farm through which it runs, so that a part of the pasture land is separated from the water in another part thereof.   There is nothing upon the profile or notes filed with the county clerk to show that there would be a passage under the track, nor was there any contract entered into between the parties concerning one. Upon the trial, testimony was offered of Mr. Bardeen, of the engineer corps of defendant, concerning a passage-way to be left under the road-bed in a ravine which the railroad would cross.   He testified that the engineer's profile showed that there would be an under-crossing near the east boundary of the land, sufficient in every way for the passage of cattle.   He stated that the road-bed was not completed at the time of the trial, but directions had been given after they had commenced work on the road-bed not to fill up this ravine by an embankment; that there had been but very little dirt placed in the ravine when the change had been made.   This testimony was objected to by plaintiff, and its admission is one of the errors claimed by plaintiff.   The court instructed the jury in this connection as follows:

"In assessing the damages to plaintiff's land, outside of the strip taken for a right-of-way, you may and should consider the way in which the railroad cuts or divides the plaintiff's land, the shape in which the land is left, the depth of excavations or height of embankments, and how they may affect the drainage, the obstruction or interruption of access to and the division of the lands into different parts, so that persons or stock cannot pass from one to the other, or can only pass with greater or less difficulty and danger.

23—42 KAS.

"In connection, however, with this question as to any alleged inconvenience as regards stock passing across the right-of-way to or from the different parts of the farm: If you should believe from the evidence that a passage-way exists or can be maintained under said right-of-way, by which the stock can pass from one portion of the farm to the other, you will take that into consideration with all the other evidence, facts and circumstances in the case, as regards the lessening or diminishing thereby the inconvenience claimed to exist by reason of stock having to cross the right-of-way."

Plaintiff asked the following instruction, which was refused:

"The roadway for cattle and wagons testified to may be filled up at any time by the defendant, said defendant not being under any obligations to keep up and maintain the same."

We cannot say that there was material error in the introduction of this testimony, although we think it would have been of very little value under proper instructions. The presumption was that the road would be built in accordance with the profile in the county clerk's office, and under the report made by the commissioners. To be sure, the road-bed might have been changed, and if it had been changed before the case was tried, such change would have been proper to be introduced in evidence; and probably the statement of the engineer, and his profile showing a proposed change in the road-bed, might have been competent testimony tending to show the intention of the railroad company to build its road in the manner therein indicated. But if it had built its road in such manner there was nothing in the statement and profile of the engineer to compel it to maintain it for any length of time. In the absence of any report and profile filed with the proper officer, showing this under-crossing, the company would not have been under obligations to maintain it, but could have filled up the ravine at its pleasure.

We think the instruction asked for by the plaintiff should have been given, and, for the refusal to give it, shall recommend that the case be reversed. The case goes back for a new trial, and it is probable that the road-bed is now constructed across this ravine. If the railroad company has made an

under-crossing and intends to maintain it, that fact should appear either by amendment of the profile and report in the office of the county clerk, or by a recital in the judgment that the case was tried and damages awarded upon the theory that the crossing was to be maintained by the company. (*St. Paul Rld. Co. v. Murphy,* 19 Minn..500; Mills, Em. Dom. 213.) We recommend that the judgment be reversed.

By the Court: It is so ordered.

All the Justices concurring.