HALLAM ELDRIDGE, Appellant, *v.* THE CITY OF BINGHAMTON, Respondent.

In an action of ejectment to recover possession of a parcel of land within defendant's corporate limits, formerly part of the Chenango canal, plaintiff based his title upon a deed which conveyed the premises in question with other lands "subject to the rights of the state of New York for the purposes of the Chenango canal;" which conveyance was made after the state took possession of the land for canal purposes. It was conceded that the usual and regular steps had been taken by the state to condemn the land, and that the owners appeared before the canal appraisers and presented a claim for damages caused by the appropriation. The appraisers fixed the damages at $2,500, but decided that the benefits conferred upon the owners of the residue of the property were in excess of that amount, and so nothing was awarded. The state continued in possession until 1880, when it released the premises to defendant (Chap. 391, Laws of 1878), by whom it was laid out as a street and since then it has possessed them "claiming to hold them for a public street." Neither plaintiff nor any of his predecessors in interest have been in actual occupancy since the state took possession. *Held,* that as the state entered under color of title and claimed to own the fee pursuant to the statute, which declares that the fee simple of all the premises appropriated, shall be in the people, conceding that the statute was unconstitutional, the absolute title was acquired by adverse possession; and so, the action was not maintainable.

Title to land may be acquired by adverse possession by the state for the use of the public.

Also *held,* that whether the state acquired the fee by condemnation, or by adverse possesssion, its title did not revert to the original owners or their assigns, but it had the right to sell or dispose of the same as it chose, even if the effect was to lessen the value of the adjoining property, including that especially benefitted by the public improvement. (State Const. art. 7, § 6; chap. 404, Laws of 1877; chap. 391, Laws of 1878; chap. 551, Laws of 1880.)

The legislature has power to determine what estate shall be taken by the state in land required for public purposes, even if the public use is special and not necessarily permanent.

*It seems,* that where land is taken by the state or by one of its political divisions, pursuant to its authority for public use, the benefit may be set off not only against the damages to the remainder, but also against the value of the part taken.

The provision of the Federal Constitution protecting property rights, has no application to the exercise of the right of eminent domain by a state.

Reported below, 42 Hun, 202.

(Argued April 14, 1890; decided April 29, 1890.)

APPEAL from judgment of the General Term of the Supreme. Court in the fourth judicial department, entered upon an order made November 9, 1886, which affirmed a judgment in favor of defendant entered upon a verdict directed by the court, and affirmed an order denying a motion for a new trial.

This was an action of ejectment to recover the possession of a parcel of land in the city of Binghamton that formerly constituted a part of the Chenango canal.

The plaintiff's claim of title is based upon various conveyances running back to Lewis Squires and Joseph B. Abbott, who, on September 1, 1836, conveyed the premises in question, with other lands, to Hiram and Ausburn Birdsell, "subject to the rights of the state of New York for the purposes of the Chenango canal." This conveyance, as the record states, was "made after the state took possession of the premises in controversy for canal purposes."

It was conceded on the trial that the usual and regular steps were taken by the state to condemn the land, and that on the 7th of September, 1838, said Squires and Abbott "came before the appraisers and presented their claim (of $2,000) for damages occasioned by the appropriation of their land * * * for the construction of the Chenango canal." By the award of the canal appraisers the claimants' damages were appraised at the sum of $2,500, but the benefits conferred upon them, as the owners of the residue of the property, were estimated as in excess of this amount, so that no damages over and above benefits were awarded. The appraisment so made was duly recorded as required by law. The state continued in possession until January 1, 1880, when the defendant, pursuant to chapter 391 of the Laws of 1878, took possession of the premises and laid them out as a street, without exercising the right of eminent domain and without taking any title except such as was released by said statute. All of the lands involved are within the limits of said street as laid out and recorded under the name of State street, and since January 1, 1880, they have been in the possession of the city, "claiming to hold them for a public street and succeeding the state in possession."

Neither the plaintiff nor any of his predecessors have been in actual occupancy since the state took possession and appropriated the land.

The plaintiff was not shown to have any title except such as was conveyed by Squires and Abbott to Hiram and Ausburn Birdsell in 1836, "subject to the rights of the state."

At the close of the evidence the court directed a verdict for the defendants.

*Geo. Whitney* for appellant. The state did not take a fee. (Mills on Eminent Domain, §§ 50,149, 150, 151; *Hayward* v. *Mayor, etc.,* 7 N. Y. 325; *B. P. Comrs.* v. *Armstrong,* 45 id. 241; *W. Cemetery* v. *V. P. P. & C. R. R. Co.,* 68 id. 597; *Bloodgood* v. *V. M. & H. R. R. Co.,* 18 Wend. 78; *Story* v. *N. Y. E. R. R. Co.,* 90 N. Y. 172; *P. P. & C. I. R. R. Co.,* 18 Hun, 261; Laws of 1878, chap. 391; *Whitney* v. *State,* 96 N. Y. 248; Laws of 1857, chap. 743; *People* v. *Mayor, etc.,* 6 Barb. 209; 4 N. Y. 424; *Hartwell* v. *Armstrong,* 19 Barb. 170; *Taylor* v. *Porter,* 4 Hill, 140; *Clark* v. *Hughes,* 13 Barb. 147; *Learned* v. *Tallmadge,* 26 id. 443.) The measure of compensation was graduated for an easement only, the whole value of the lands with the damages for relinquishing them, not having been paid. (*Heyward* v. *Mayor, etc.,* 7 N. Y. 325; *Story* v. *N. Y. E. R. R. Co.,* 90 id. 172; Potter's Dwarris, 390.) The price of the fee means without deduction for benefit, or at least something more than benefits. (Sedg. on Dam. [4th ed.] 671; Gerard on Real Estate, 41; *B. P. Co.* v. *Armstrong,* 45 N. Y. 241; Cooley on Con. Lim. 559.) The state, in respect to the exercise of the right of eminent domain for itself, is subject to the same limitations as when performed through the medium of a corporation or joint stock company. (*Bloodgood* v. *M. & H. R. R. Co.,* 18 Wend. 78.) A corporation cannot take lands paying for them in benefits to the other lands of the owner. (*W. Cemetery* v. *P. P. & C. I. R. R. Co.,* 68 N. Y. 597; *In re P. P. & C. I. R. R. Co.,* 18 Hun, 261.)

· *Geo. B. Curtis* for respondent. By the appraisal and condemnation of the appraisers, the title to the land in question was vested absolutely in the state of New York. (1 R. S. 642, 643, §§ 46, 48, 52; *Rexford* v. *Knight*, 11 N. Y. 308; *Sweet* v. *B. & N. Y. P. R. R. Co.*, 79 id. 293 ; *Tifft* v. *City of Buffalo*, 82 id. 213 ; *B. P. Comrs.* v. *Armstrong*, 45 id. 234; *Whitney* v. *State*, 96 id. 244.) The state of New York and the defendant have been for over forty years in undisputed possession, claiming title or absolute right to hold the premises, and the plaintiff's claim, if ever a good one, is barred by the Statute of Limitations. (Code Civ. Pro. § 365 ; *Mark* v. *State*, 97 N. Y. 567.) By adverse possession the state acquired an absolute title, even if the original appropriation had been unconstitutional. (*Rhode Island* v. *Massachusetts*, 4 How. Pr. 591; *Birdsall* v. *Cary*, 66 id. 366 ; *Cahill* v. *Palmer*, 45 N. Y. 478 ; *Sherman* v. *Kane*, 14 J. & S. 310 ; 85 N. Y. 577; *Warfield* v. *Lindell*, 38 Mo. 561; *Hale* v. *Gladfielder*, 52 Ill. 91; *Trim* v. *McPherson*, 7 Cald. 15 ; *Hopkins* v. *Culloway*, Id. 37; *Chilles* v. *Jones*, 7 Dana, 528, 540 ; Wood on Lim. 489 ; Cooley on Const. Lim. 365.) The plaintiff should have been nonsuited on the ground that his deed was taken from a grantor when the land was held by a title and claim adverse to the plaintiff. (3 R. S. 2196, § 147.)

VANN, J. By chapter 32 of the Laws of 1833, entitled "An act for the construction of the Chenango Canal," the canal commissioners were directed to "proceed with all reasonable diligence to construct and complete a canal from Binghamton, in the county of Broome, up the valley of the Chenango river to its head-waters and thence by the most advantageous route to the Erie canal." The Revised Statutes in force at that time provided that when any lands appropriated by the canal commissioners to the use of the public shall not be given or granted to the state, it shall be the duty of the canal appraisers to make a just and equitable estimate and appraisement of the damages and benefits resulting to the persons interested in the premises so appropriated from the

construction of the work, for the purpose of making which such premises shall have been taken. (1 R. S. [8th ed.] 731, § 46.) According to a subsequent section "the fee simple of all premises so appropriated, in relation to which such estimate and appraisement shall have been made and recorded, shall be vested in the people of this state." (Id. § 52.)

Pursuant to the powers thus conferred the lands in question were appropriated, but the plaintiff insists that when the state takes the land in fee, even for a canal, the constitutional requirement as to just compensation can be satisfied only by a payment in money, as the state may subsequently abandon the canal, sell the land to a stranger and thus deprive the owner both of the part taken and also of the benefits to the remainder.

The weight of authority seems to be in favor of the proposition that where land is so taken by the state, or by one of its political divisions pursuant to its authority, for public use, the benefits may be set off not only against the damages to the remainder, but also against the value of the part taken. (*Livingston* v. *Mayor, etc.*, 8 Wend. 85; *Rexford* v. *Knight*, 11 N. Y. 308; *Granger* v. *City of Syracuse*, 38 How. Pr. 308; *Genet* v. *City of Brooklyn*, 99 N. Y. 296; *Betts* v. *City of Williamsburg*, 15 Barb. 255; *Birdsall* v. *Cary*, 66 How. Pr. 358.)

It may be, that, as according to the Constitution in force when this land was appropriated, the state had no power to sell or dispose of any of its canals, the fee could be taken without making pecuniary compensation, even if the rule is otherwise in those cases where no restriction has been placed upon the power to sell. (Const. of 1821, art. 7, § 10.) The benefits conferred would thus be subject only to the right of the people to amend the Constitution, and all property interests are subject to that right, unless they are specially protected by the Federal Constitution, which, as it is well settled, has no application to the exercise of the power of eminent domain by a state. (*Withers* v. *Buckley*, 20 How. [U. S.] 84; *Barron* v. *Mayor, etc.*, 7 Pet. 243; *Livingston* v. *Mayor, etc.*, *supra;* U. S. Const. 5th Amend.)

We do not deem it necessary to now decide the interesting question raised by the plaintiff, as we have concluded that judgment must pass against him upon another ground.

The statute under which the state acted in appropriating the land under consideration was either constitutional, or it was not. If it was constitutional, as no question is raised as to the regularity of procedure, clearly the fee was acquired. If it was unconstitutional, as the state entered under color of title and claimed to own the fee pursuant to a statute, which declared that the fee simple of all the premises appropriated should be vested in the people, the absolute title was acquired by adverse possession. Title to land may be acquired by adverse possession, either by an individual (*Barnes* v. *Light*, 116 N. Y. 37), or by the state for the use of the public. (*Sherman* v. *Kane*, 86 N. Y. 57 ; *Mayor, etc.,* v. *Carleton*, 113 N. Y. 292 ; *State of Rhode Island* v. *State of Massachusetts*, 4 How. [U. S.] 591; *Birdsell* v. *Cary, supra.*) For more than forty years, the state was in the actual possession and occupation of the premises, claiming to own them under its statutes and the acts of its officers pursuant thereto. The original entry, as well as the continued possession thereafter, was under the claim of absolute title, such as the statute purported, in terms, to confer.

The legislature had the power to determine what estate should be taken, even if the public use was special and not necessarily permanent, and this court has refused to hold that a statute authorizing the taking of a fee is invalid, or that an easement only was acquired thereunder, on the ground that an easement only was required to accomplish the purpose in view. (*Sweet* v. *B. N. Y. & P. R. Co.*, 79 N. Y. 293 ; *Tifft* v. *City of Buffalo*, 82 N. Y. 204.)

The claim of the state, therefore, is to be measured by the nature of the statute under which it entered into possession and built the canal. As that statute purported to authorize the acquisition of no estate less than a fee, the state was in the position of one claiming the fee, whether the statute was constitutional or not.

Every act of the state, through its agents, in constructing, maintaining and operating the canal over this land, being done under the authority of said statute, was an assertion of its claim, which, so far as appears, was never disputed until long after the period of limitation provided by law had expired. (Code Civ. Pro. §§ 365–414 ; Code Pro. § 78 ; 2 R. S. [3d ed.] 293, 294.) Under these circumstances, we think that the title of the state became complete through adverse possession, independent of the right actually acquired by the proceedings in condemnation.

By a change in the Constitution, which took effect January 1, 1875, the restriction upon the power of the legislature to sell the canals was removed as to the Chenango canal, among others, and, subsequently, acts were passed authorizing the sale thereof. (Const. art. 7, § 6 ; Laws of 1877, chap. 404 ; Laws of 1878, chap. 391; Laws of 1880, chap. 551.) Whether the state acquired the fee to the lands taken for said canal by condemnation or by adverse possession, its title did not revert to the original owners or their assigns upon the sale thereof, because it had the right to sell the same, or to dispose of them in any way that it chose, even if the effect was to lessen the value of the adjoining property, including that especially benefitted by the public improvement. (*Brooklyn Park Comrs.* v. *Armstrong,* 45 N. Y. 234 ; *Whitney* v. *State,* 96 id. 240.)

The judgment should be affirmed, with costs.

All concur, except FOLLETT, Ch. J., not sitting.

Judgment affirmed.