[No. 8692. Department One. May 20, 1910.]

OLYMPIA LIGHT AND POWER COMPANY, *Appellant*, v. HENRY HARRIS *etc., et al., Respondents.*[1]

EMINENT DOMAIN—RIGHTS TO BE ACQUIRED—STIPULATIONS—DAMAGES—RESTRICTIONS. In eminent domain proceedings by a power company seeking to create a storage basin by raising the waters of a lake and flooding lands, the relator may at the trial restrict its use so as to permit the landowner to exercise riparian rights for which he seeks damages, provided that they be exercised without damage to relator's dikes and dams; since the limitations and restrictions may be embodied in the decree and given weight by the jury determining the damages.

EMINENT DOMAIN—TRIAL—CONSOLIDATED ACTIONS—SEPARATE VERDICTS. On the trial of actions for the condemnation of separate tracts of land held by different owners consolidated for convenience, in which separate verdicts for the damages were to be rendered, it is error to treat the tracts involved as one tract in the instructions to the jury; and the value of the land taken in each action, and the damage to lands not taken, must be separately determined.

SAME—DAMAGES—MEASURE OF DAMAGES. In eminent domain proceedings to appropriate lands to be flooded, the measure of damages is the fair market value of the lands taken irrespective of any benefit, and the damage, if any, to the lands not taken.

SAME—DAMAGE—EVIDENCE—ADMISSIBILITY. In eminent domain proceedings to appropriate lands for a storage basin, nonexpert evidence that a ridge one thousand feet wide, proposed to be used as one of the retaining walls, would be insufficient for that purpose and would permit leakage, is inadmissible as conjectural; for if ineffectual, damages could be ascertained and recovered.

Appeal by plaintiff from judgments of the superior court for Thurston county, Chapman, J., entered December 20, 1909, adjudging a public use, and awarding damages to defendants, in condemnation proceedings. Reversed.

*T. N. Allen, A. J. Falknor,* and *Troy & Sturdevant,* for appellant.

*James M. Ashton* and *Thomas M. Vance,* for respondents.

[1]Reported in 108 Pac. 940.

MORRIS, J.—The appellant brought two actions to condemn certain lands in Thurston county bordering on Lake Lawrence. In the one, Henry Harris and others were made defendants; in the other, Henry Harris was the sole defendant. For the convenience of trial the actions were tried together before the same jury, but two separate verdicts were submitted and returned. Upon entry of judgment appeal was taken, and the two appeals are here consolidated and heard together, the same questions being involved in each. The purpose of the actions was the appropriation of lands bordering upon the lake which appellant desired to flood, in its scheme to use the lake as a storage basin for the waters of the Des Chutes river, taking the surplus water from the river in the wet season, and by means of an aqueduct or ditch, conveying it to the lake, and there holding it until the dry season, when it would be returned to the river for use in appellant's power plant further down the stream. In order to use the lake as such storage basin, it will be necessary to construct certain dams and dikes, as the waters of the lake when so used will at times be raised to a height of thirty feet above the present level. Between the lake and the river is a natural divide or ridge of land, which it is purposed to use as a wall or dam to confine the water in the lake when the same is raised to the thirty-foot line, the water when so raised being on an average two hundred feet from the summit of the ridge.

During the trial, some question arose as to the damage to be sustained by respondents because of what was contended to be the loss of their riparian rights in the lake; the right to fish, hunt, water their stock, boating and other domestic uses; whereupon appellant offered the following:

"The plaintiff and petitioner herein hereby offers that the claimants or their grantees or successors in interest to the lands a part of which is appropriated in these proceedings, shall at all times and at any place have access to the lake as it is raised or lowered over the lands appropriated herein, for the purposes of watering their stock, using boats, fishing,

hunting, and all other domestic purposes; provided, however, that those rights shall be exercised without damage to the dikes constructed by the petitioner. These rights to be exercised without cost of compensation and to be embodied in the decree herein.

"L. B. FAULKNER, Manager of the Petitioner,
"TROY & FALKNOR, Attorneys for Petitioner."

This offer, being objected to by respondents, was denied and refused by the court, and petitioner excepting, raises thereon its first assignment of error. Further on a second offer was made as to the character of the dikes with reference to their safety and security, which offer was also refused by the court upon respondents' objection.

We think each of these rulings erroneous. Appellant could undoubtedly have the damage estimated with reference to any particular method it sought to adopt in the taking and use of respondents' lands. And if in any sense the use sought to be appropriated was a restricted or limited use, and one which would still reserve to the landowner any use to which such lands were put or adapted, then such restriction or limitation should have been made a part of the record and embodied in the decree; and if appellant held itself to any specified or particular method of constructing the dikes, such method should also be embodied in the decree, and such limitations given their due weight by the jury in determining the damages to be awarded. *Oregon R. & Nav. Co. v. Owsley*, 3 Wash. Ter. 38, 13 Pac. 186; *Seattle & Montana R. Co. v. Roeder*, 30 Wash. 244, 70 Pac. 498, 94 Am. St. 864; *Spokane Valley Land & Water Co. v. Jones & Co.*, 53 Wash. 37, 101 Pac. 515; *Lieberman v. Chicago etc. Rapid Transit R. Co.*, 141 Ill. 140, 30 N. E. 544.

The court below, for the purpose of ascertaining the damages, if any, to the part of the land not taken, treated the lands involved in the two actions as one tract, and in effect so instructed the jury. This was error. The actions were separate and the ownership of the lands involved was

separate and distinct. The actions were tried as one for the convenience of all parties, as the same facts were involved in each action except as to their application to distinct lands; separate verdicts were to be rendered, and it became the duty of the court to keep the questions to be submitted to the jury as separate as the nature of the case would permit. In each action the value of the lands taken in that action and the damage, if any, to the remainder should have been ascertained.

The same error was permitted to creep into the evidence in ascertaining the value of the lands taken. The inquiry in each case should have been the value of the land taken in that proceeding, and the damage, if any, to the remainder, and in ascertaining that fact it would only be proper to ascertain the fair market value of the land taken irrespective of any benefit, and the condition and effect of the taking, and the purpose of the taking upon the lands remaining, to enable the jury to ascertain if such remaining lands were damaged and, if so, to fix the amount of such damage to be determined by them in considering any item or element of damage that might be suggested in the testimony.

Another error complained of was in permitting nonexpert witnesses to give their opinion as to whether the ridge would successfully retain the waters of the lake when raised to the thirty-foot contour line. This was improper. The base of this ridge is given as about one thousand feet wide, and the petitioner, in purposing to use it as a retaining wall or dam for the waters of the lake, when raised, does so upon the theory that it will be sufficient for that purpose and permit of no leakage or seepage. As to whether it will or not is now conjectural, and must be until it is put to the desired use. If it then should be ascertained that it is ineffectual, respondents have their remedy in an action where the damage can be readily and easily determined from the physical facts then existing, and not as a matter of speculation and conjecture as it must now be.

The judgments are reversed, and the cause remanded for a new trial.

RUDKIN, C. J., CHADWICK, and GOSE, JJ., concur.