[No. 11241.   Department Two.   January 22, 1914.]

WASHINGTON WATER POWER COMPANY, *Respondent*, v.
ABACUS ASSOCIATION, *Appellant*.[1]

EMINENT DOMAIN — RIGHTS ACQUIRED — RESTRICTION—LIMITATION
BY STIPULATION.  In proceedings to condemn land along a river, to be
flooded by the erection of a dam for a power site, it is not error to
allow the petitioners to file a stipulation limiting the proceedings to
the acquisition of the right to flood the land, allowing defendants
to retain all other rights thereto.

SAME—PROCEEDINGS—PROVINCE OF COURT AND JURY.  In proceed-
ings to acquire the right to flood lands by the erection of a dam
for a power site, when there is no evidence of damage on account
of loss of motive power, or on account of damages to the land not
taken, it is not error to withdraw those questions from the jury.

Appeal from a judgment of the superior court for Spo-
kane county, Kennan, J., entered July 5, 1912, upon the ver-
dict of a jury rendered in favor of the petitioner, awarding
damages in eminent domain proceedings.  Affirmed.

*Patrick C. Shine* and *James Z. Moore*, for appellant.

*Post, Avery & Higgins*, for respondent.

MAIN, J.—This action was instituted for the purpose of
acquiring title to land under the right of eminent domain.

The petitioner was a public service corporation.  The ap-
pellant was the owner of a tract of land, consisting of ap-
proximately 180 acres, the north boundary of which was the
Spokane river.  The petitioner sought to condemn a 28-foot
strip across the entire tract and adjacent to the river.  The
object of acquiring the strip of land was that it might be
overflowed by the rise of the river on account of the erection
of a dam therein, twenty-two miles below the appellant's prop-
erty, where an electric power plant was installed.

In the petition, it was sought to acquire the entire title to
the strip taken; but, when the case was called for trial, the

[1]Reported in 137 Pac. 1199.

petitioner offered what it termed a stipulation wherein it declared its intention to be to acquire only the right to flood the land and that the appellant and its successors should retain every other right thereto, such as crossing the same in any manner, erecting or maintaining houses or other structures thereon, the running of pipe lines across or through the same at any point or place that might be desired. Over the objection of the appellant, this stipulation was permitted to be filed. Thereupon the appellant moved for a continuance on the ground of surprise, which motion was denied.

The cause was tried to the court and a jury. After both parties had finished the introduction of evidence, the petitioner moved that all the evidence upon the question of the reduction in the velocity of the stream, and as to the portion of land remaining, be withdrawn from the jury, for the reason that there was no evidence showing either damage on account of loss of the motive power of the stream or of the amount of damages, if any, to the tract of land from which the strip was taken. This motion was sustained by the court for the reasons given.

The question submitted to the jury was the value of the strip taken, and an instruction was given to include in the verdict nominal damages to the remainder, and also nominal damages on account of the reduction in the velocity of the stream. A verdict was returned in the sum of $18.

Motion for new trial was seasonably made and overruled. Judgment was entered upon the verdict, from which the appeal is prosecuted.

The appellant's brief contains fifty-one assignments of error. To attempt to follow the discussion of these as contained in the briefs would prolong this opinion to forbidden lengths. It is sufficient to say that the record has been carefully read and all the assignments of error have been considered. We do not find in any of them substantial merit.

The judgment will be affirmed.

CROW, C. J., ELLIS, FULLERTON, and MORRIS, JJ., concur.