[No. 17727. Department Two. February 21, 1923.]

## THE CITY OF SEATTLE, *Appellant*, v. CHARLES E. FAUSSETT, *Respondent*.[1]

EMINENT DOMAIN (41)—EXTENT OF APPROPRIATION—LIMITED USE —EASEMENTS—POWERS OF CITY—STATUTES—CONSTRUCTION. Under Rem. Comp. Stat., § 9488, authorizing eminent domain proceedings by cities, the city may take any interest or estate, though less than the fee, which reasonably satisfies its needs, since the statute does not in express terms specify the nature and extent of the rights that may be condemned.

SAME (41). Rem. Comp. Stat., § 9488, being a later and special act relating to condemnations by cities for the purpose of acquiring public utilities, without specifying the nature and extent of the rights to be acquired, condemnations thereunder are not controlled by the early general act relating to all condemnations by cities, and which provided that the title to any property taken "shall be vested in fee simple" in the city.

SAME (41)—RIGHTS ACQUIRED — RESTRICTION — LIMITATION BY STIPULATION—AUTHORITY OF CITY ATTORNEY. Where less than a fee is sought to be condemned by a city, the special interest or estate to be taken may properly be defined by a statement or stipulation filed by counsel in the proceeding.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered December 2, 1922, upon the verdict of a jury rendered in favor of the defendant, awarding damages in condemnation proceedings. Reversed.

[1]Reported in 212 Pac. 1085.

*Walter F. Meier, Charles T. Donworth,* and *J. Ambler Newton,* for appellant.

*E. C. Dailey, A. E. Dailey,* and *Cooley, Horan & Mulvihill,* for respondent.

PARKER, J.—This eminent domain proceeding was commenced in the superior court for Snohomish county by the city of Seattle, against the defendant Faussett and others, seeking a right of way for its electric transmission lines from its hydro-electric power plant on the Skagit river over the lands of the defendants in that county to the city, in King county. A trial in that court, sitting with a jury, upon the question of the compensation to be awarded to the defendant Faussett for the acquiring of such right of way by the city over his land, resulted in a verdict and judgment awarding the amount of such compensation to be paid him, from which the city has appealed to this court.

Ordinance No. 43,547, of the city of Seattle, was duly passed on May 29, 1922, providing for the acquiring, by eminent domain proceedings, of a right of way 300 feet wide over the land of the defendants, describing the land and the course of the right of way over it. The ordinance does not specify the exact nature or extent of the estate or interest to be acquired by the city, nor the damages which the city shall acquire the right to inflict upon property in the acquisition of the right of way; but contemplates that the city shall acquire, by eminent domain proceeding, such right and interest in the land covered by the right of way as will enable it to effectually use such right of way in the transmission of its electric energy from its hydro-electric power plant to the city. The exact nature and extent of the estate or interest in the right of way to be acquired by the city as against each landowner is

left to be determined by the corporation counsel in the prosecution of the authorized eminent domain proceedings, by the following provisions of the ordinance:

"Section 2. That the Corporation Counsel be, and he is hereby authorized and directed to initiate and prosecute the actions and proceedings, in the manner required by law, to purchase, condemn, take, damage and appropriate the lands and other property, property rights and privileges necessary to carry out the provisions of this ordinance.

"Section 3. That, in conducting said condemnation proceedings, and for the purpose of minimizing damages, the Corporation Counsel be, and he is hereby authorized to reserve to any owner the right to use the property hereby authorized to be condemned and appropriated, subject to the right of the city of Seattle to construct said transmission line thereon, together with the right of access and ingress thereto and egress therefrom, for the purpose of operating, maintaining and repairing the same; provided, however, that no such reservation shall be made which will interfere with the use of said property by the city of Seattle."

Exercising the power and discretion so vested in him, evidently having in view the engineering plans for the plant adopted by the city and the nature and extent of the somewhat limited use which the city will make of the right of way, the corporation counsel duly filed in the eminent domain proceedings notices and stipulations specifying property rights in the right of way to be acquired by the city and property rights in the right of way to be reserved to the owners of the land. It is sufficient for present purposes to state that the specifications so made by the corporation counsel of the rights sought to be acquired by the city, and of the rights sought to be reserved to the owners of the land, plainly contemplate that the city does not seek to acquire an absolute fee simple title to the land covered

by the right of way, and that there shall be reserved to the owners of the land covered by the right of way, a substantial quantum of use, though not wholly unimpaired by the use which the city will make of the right of way in the placing and maintaining thereon of its towers and poles to carry its wires for the transmission of its electric energy.

Upon the trial of the case for the purpose of fixing the compensation to be paid the defendant Faussett, counsel for the city sought to bring before the jury these notices and stipulations specifying the limited rights sought to be acquired by the city and the rights sought to be reserved to the owners of the land, with a view of lessening the compensation to be awarded to the defendants, including Faussett, below what they would be entitled to were the city taking an absolute fee simple title and depriving them of all future use of the land. This was objected to by counsel for the defendant Faussett upon the ground that the city had no power to take such a limited use of the right of way and have his compensation limited accordingly. The trial judge sustained this objection, ruling in substance that the city must take an absolute fee simple title to the land covered by its contemplated right of way and suffer compensation to be awarded accordingly, or not take any interest therein. Exceptions to this ruling of the court being noted in behalf of the city, the trial proceeded upon the theory so announced by the court, and the cause given to the jury upon the theory that it should make an award of compensation accordingly. The ruling of the trial judge in adopting this theory of the measure of the defendant's award is now claimed by counsel for the city to have been erroneous to its prejudice, entitling it to a new trial.

The contention of counsel for the city that it may take less than an absolute fee simple title to the contemplated right of way and have an award of compensation therefor measured accordingly, is rested upon the provisions of § 1, ch. 150, Laws of 1909, p. 580, being section 8005, Rem. & Bal. Code, as amended by § 1, ch. 45, Laws of 1913, p. 112, being § 9488, Rem. Comp. Stat., relating specially to the acquisition of public utilities by cities and towns, which, in so far as we may here notice its language, reads as follows:

"Any incorporated city or town within the state be, and hereby is, authorized to construct, condemn and purchase, purchase, acquire, add to, maintain, conduct and operate water works, within or without its limits, for the purpose of furnishing such city or town and the inhabitants thereof, and any other persons, with an ample supply of water for all uses and purposes, public and private, including water power and other power derived therefrom, . . . . to construct, condemn and purchase, purchase, acquire, add to, maintain and operate works, plants and facilities for the purpose of furnishing such city or town and the inhabitants thereof, and any other persons, with gas, electricity and other means of power and facilities for lighting, heating, fuel and power purposes, . . . for any of the purposes provided for by this act, such city or town shall have the right . . . to acquire the right by purchase or by condemnation and purchase, or otherwise, to any water, water rights, easements or privileges named in this act, or necessary for any of said purposes, . . ."

It seems to be well settled law that, unless the statute in express terms specifies the nature and extent of the estate or interest which shall be taken by eminent domain proceedings, any interest or estate may be so taken which reasonably satisfies the needs of the particular public use contemplated, and that no greater estate or interest should be taken than reasonably sat-

isfies the needs of the particular public use contem-
plated. The general rule is well settled in 10 R. C. L.
88, as follows:

"Inasmuch as property cannot constitutionally be
taken by eminent domain except for the public use, it
follows that no more property shall be taken than the
public use requires; and this rule applies both to the
amount of property and the estate or interest in such
property to be acquired by the public. If an easement
will satisfy the requirements of the public, to take the
fee would be unjust to the owner, who is entitled to
retain whatever the public needs do not require, and
to the public, which should not be obliged to pay for
more than it needs. Furthermore, it is universally
recognized that a grant of the power of eminent do-
main will not be extended by implication, and that when
an easement will satisfy the purpose of the grant the
power to condemn the fee will not be included in the
grant unless it is so expressly provided. Accordingly,
it is well settled that when land is taken for the public
use, unless the fee is necessary for the purposes for
which the land is taken, as for example when land is
taken for a schoolhouse or the statute expressly pro-
vides that the fee shall be taken, the public acquires
only an easement."

Decisions of our territorial supreme court and of
this court have been rendered in harmony with this
view of the law in the following cases: *Oregon R. &
Nav. Co. v. Owsley,* 3 Wash. Terr. 38; *State ex rel.
Kent Lumber Co. v. Superior Court,* 46 Wash. 516, 90
Pac. 663; *Spokane Valley Land & Water Co. v. Jones
& Co.,* 53 Wash. 37, 101 Pac. 515; *Olympia Light &
Power Co. v. Harris,* 58 Wash. 410, 108 Pac. 940; *State
ex rel. Union Lumber Co. v. Superior Court,* 70 Wash.
540, 127 Pac. 109; *Washington Water Power Co. v.
Abacus Ass'n,* 77 Wash. 455, 137 Pac. 1199; *Seattle v.
Seattle, Renton & S. R. Co.,* 83 Wash. 94, 145 Pac. 54,
1167.

Looking alone to the act above quoted from, as the grant of the city's power of eminent domain here sought to be exercised, there seems to us but little room for arguing that the city must take the absolute fee to the right of way it seeks to acquire and have the award of compensation therefor measured accordingly, or not take any estate or interest therein. We find nothing in that act even suggesting to our minds that the city must pursue such a course; but, on the contrary, we think the concluding language above quoted falls little short of expressly authorizing the city to acquire "easements or privileges" in land less than the absolute fee simple title thereto for the public use contemplated.

The contention of counsel for defendant Faussett, in support of the trial court's ruling that the city must take the absolute fee simple title to the right of way it seeks to acquire or take nothing, and suffer the compensation it must pay therefor to be measured accordingly, is rested upon the provisions of ch. 153, Laws of 1907, p. 316, being § 9215, Rem. Comp. Stat. That act is a general eminent domain law empowering cities to acquire property by eminent domain proceedings for certain specified purposes, not mentioning the acquiring of property or interest therein for public utilities of the nature here in question. That act provides generally the method of procedure in eminent domain proceedings by the cities. In other words, it is a general eminent domain law relating to the acquisition of such property as is ordinarily necessary for cities to acquire for municipal purposes, embodying general provisions of procedure to be followed in eminent domain proceedings prosecuted by cities. Section 17 of that act, being § 9231, Rem. Comp. Stat., here particularly relied upon by counsel

for the defendant Faussett, which follows the general eminent domain procedure provided therein, reads:

"The court, upon proof that just compensation so found by the jury, or by the court in case the jury is waived, together with costs, has been paid to the person entitled thereto, or has been paid into court as directed by the court, shall enter an order that the city or town shall have the right at any time thereafter to take possession of or damage the property in respect to which such compensation shall have been so paid or paid into court as aforesaid, and thereupon, the title to any property so taken shall be vested in fee simple in such city or town."

While that act was amended in some respects by ch. 154, Laws of 1915, p. 446 (Rem. Comp. Stat., 9215), in so far as we are here concerned with its provisions, it has remained wholly unchanged to the present time. Now, while ch. 150, Laws of 1909, p. 580, as thereafter amended, above quoted from, seems to be in some measure a re-enactment of previous legislation, it is, in form, an original, independent act. More than that, it is a special act relating to the acquisition of property and property rights in aid of cities acquiring public utilities, and, as we have already seen, contains nothing suggesting that cities, seeking to exercise their power of eminent domain thereunder, shall be required to take the absolute fee simple title to property which they may so seek to acquire for public use in connection with the particular public utilities therein specified, of which that here in question is one. Besides, the concluding section of that act provides that "all acts and parts of acts in conflict herewith are hereby repealed." Having in mind the special character of that law, in that it relates particularly to the exercise of eminent domain in acquiring public utilities; that it does not, in terms,

specify any particular interest or estate a city shall be required to take in exercising its right of eminent domain thereunder; and the concluding repealing language above quoted, it seems quite clear to us that it expresses the legislative intent to leave cities and towns, in the exercise of the right of eminent domain thereunder, free from whatever restrictions there may be upon their right to take less than an absolute fee simple title, as found in § 17, ch. 153, Laws of 1907, p. 322, being § 9231, Rem. Comp. Stat.

Counsel for the defendant Faussett cite and rely upon the decisions in *Sweet v. Buffalo, New York & Philadelphia R. Co.,* 79 N. Y. 293; *In re Water Commissioners of Amsterdam,* 96 N. Y. 351; *Eldridge v. City of Binghamton,* 120 N. Y. 309; and *Roanoke City v. Berkowitz,* 80 Va. 616. Those decisions, however, as we view them, go no further than holding that the power of eminent domain must be exercised in the method and within the limits provided for in the statute giving such power, and that, if the statute in terms requires the condemnor to take and pay for an absolute fee simple title to the land it desires to acquire, it must do so and suffer an award of compensation to be made accordingly. This rule, we think, does not in the least militate against the conclusion we here reach, since the statute giving the power here sought to be exercised by the city does not, in terms, nor even inferentially, require the city to so proceed. The case last above cited is particularly relied upon by counsel for the defendant Faussett, in that the language of the statute there involved is in substance the same as the language of § 17, ch. 153, Laws of 1907, p. 322, *supra,* here particularly relied upon by counsel for the defendant Faussett. In that case, in so far as can be discerned from the language of

the opinion read as a whole, it is apparent that such language of the statute was found in the very law which, in terms, gave the power of eminent domain to the city seeking to exercise it.    Such is not the case here.    Chapter 153 of the Laws of 1907, p. 322, in which that language is found, does not confer the power of eminent domain upon the city which it here seeks to exercise; but, as we have seen, such power is conferred upon the city by ch. 150, Laws of 1909, p. 580, where no such duty on the part of the city to take the entire fee is imposed upon it as a condition of its right to exercise the power of eminent domain therein given and here sought to be exercised by the city.

Some contention is made in behalf of the defendant Faussett that the corporation counsel had no authority in the prosecution of the eminent domain proceeding to define and limit the estate or interest to be acquired by the city in the contemplated right of way. We think such contention is not well grounded, in view of the authority given the corporation counsel by §§ 2 and 3 of the ordinance above quoted, authorizing the prosecution of the eminent domain proceeding.    It has been the common practice, recognized by the courts of this state and sanctioned by this court, to have the special interest or estate sought to be condemned defined by a statement or stipulation filed by counsel for the petitioner in the eminent domain proceeding.    *State ex rel. Kent Lumber Co. v. Superior Court,* 46 Wash. 516, 90 Pac. 663; *Olympia Light & Power Co. v. Harris,* 58 Wash. 410, 108 Pac. 940; *State ex rel. Union Lumber Co. v. Superior Court,* 70 Wash. 540, 127 Pac. 109; *Washington Water Power Co. v. Abacus Ass'n,* 77 Wash. 455, 137 Pac. 1199.

It seems plain to us that the corporation counsel was fully authorized to file the notices and stipulations

that he did, looking to the defining of the particular limited interest or estate to be acquired by the city. Apparently, in the passage of the ordinance authorizing the eminent domain proceedings, the city council felt unable to define with exactness each particular interest or estate the city should acquire, and so left the determination of that question in each particular instance to the determination of the corporation counsel to be decided by him, evidently in the light of the practical engineering and construction problems that would be involved in the construction of the city's plant. We note that a number of such notices and stipulations were filed by the corporation counsel, looking to the defining of the limited property right the city sought to acquire in the contemplated right of way, each notice or stipulation after the first seeming to be intended as supplemental to the first. It seems to us, now that a new trial of the cause is going to be necessary, that it would be better and more conducive to certainty if the corporation counsel would file, before the new trial, one notice or stipulation defining accurately the limited property rights to be acquired by the city and those reserved to the defendants.

The judgment of the trial court is reversed, and the cause remanded with directions to award the city a new trial, and for further proceedings consistent with the views herein expressed.

MAIN, C. J., FULLERTON, TOLMAN, and PEMBERTON, JJ., concur.