STEPHEN H. KLOPP and MARY L. KLOPP, Appellees, v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

**Admission of evidence:** FAILURE TO OBJECT: WAIVER OF ERROR. 1 Where plaintiffs testimony respecting the damage sustained in the condemnation of land was received without objection, and defendant having cross-examined fully on the subject, it could not require an exclusion of the evidence as matter of right, even if inadmissible over timely and proper objection.

**Surface water:** RIGHTS OF ADJOINING OWNER. A landowner has no 2 right to enter upon an adjoining right of way and construct a channel for the water discharged upon his land from the right of way.

*Appeal from Linn District Court.*—HON. MILO P. SMITH, Judge.

WEDNESDAY, JANUARY 20, 1909.

REHEARING DENIED WEDNESDAY, MAY 12, 1909.

THIS is a condemnation proceeding for additional right of way covering a strip of ground contiguous to defendant's former right of way. Plaintiffs' damages were assessed by the jury at $500. The defendant appeals.— *Affirmed.*

*J. C. Cook* and *H. Loomis,* for appellant.

*J. C. Leonard* and *Voris & Haas,* for appellees.

EVANS, C. J.—This case is similar in many of its material facts to the case of *Anna Klopp v. Chicago, Milwaukee & St. Paul Railway Company,* 142 Iowa, 474. The appellant submits to our consideration an assignment of four errors. The first of these relates to the refusal of the lower court to strike certain testimony of the plaintiff at the close of his cross-examination.

The plaintiff testified in chief, without objection, to the diversion of the course of water from his premises by the construction of defendant's embankment, and to the fact that such water was gathered at a different place and conducted under the embankment through a pipe and discharged upon the plaintiff's land upon the north side of the embankment into a depression from which it flowed over a natural waterway into the creek. This new course of the water resulted in deposits of sand and other soil upon plaintiff's ground in such a way as to cause some injury. The defendant cross-examined the plaintiff fully on the subject. Its motion to strike the evidence was based upon the last two questions and answers, which are as follows: "Q. In order to get rid of the water it would be necessary to make a channel along one side of the right of way, to carry the water into that waterway. If that was done, it wouldn't run into your onion bed. It would only be necessary to dig from the mouth of the culvert to the waterway. A. It would have to be dug west of that, because this overflow that they gave me, that formerly went over the land in a sheet, that whole business empties in a little west of that culvert. Q. It would be a small matter to get rid of it if they had done what you would do under the circumstances. A. Why, yes." The ground of the motion was that it appeared from plaintiff's testimony that the condition was one which, "in the exercise of

*1. ADMISSION OF EVIDENCE: failure to object: waiver of error.*

ordinary care, the plaintiff himself could remedy." There was no error in the ruling. Defendant's argument in support of this motion is broader than the ground stated in the motion itself. Its argument is that the plaintiff could have protected himself against the injury by slight trouble and expense. The evidence having been received without objection, and the defendant having cross-examined fully upon the subject, it is in no position to demand the exclusion of the evidence as a matter of right, even though the evidence were inadmissible.

Nor do the grounds of defendant's motion and argument appear from the cross-examination, except inferentially. The plaintiff could not enter upon defendant's right of way to dig a ditch or channel for the water. If the plaintiff could be required for his own protection to dig a ditch or channel on his own land, then a new element would enter into the consideration of the case. The motion was properly denied.

2. SURFACE WATER: rights of adjoining owner.

The other three errors assigned relate to the refusal of the court to give instructions numbered 1, 2 and 3, asked by the defendant. All these instructions cover the same general proposition in different forms, and relate to the duty of the railway company to maintain an adequate crossing. The instructions are similar to the instructions asked in the case of *Anna Klopp et al. v. Chicago, Milwaukee & St. Paul Railway Company, supra,* and the refusal of the court to give them presents the same questions for our consideration. Our conclusions in that case are decisive of this. Following that case, we must hold that the court did not err in refusing to give the instructions asked. No other errors are presented for our consideration.

The order of the lower court is therefore *affirmed.*