ANNA E. KLOPP ET AL., Appellees, v. CHICAGO, MILWAUKEE & ST. PAUL RY. CO., Appellant.

**Condemnation of additional right of way:** PREVIOUS CONDITIONS: INCONVENIENCE IN CHANGE OF PLACE OF CROSSING: DAMAGES. In the condemnation of additional land for right of way purposes the landowner may show the facts and conditions actually existing prior to the condemnation, especially where they had existed for a long series of years; as in the case of a private crossing used by the landowner for more than twenty-five years.

He may also show the inconvenience to result from a change of the place of his crossing, although under the statute he is still entitled to a crossing at such reasonable place as he may designate; since the railway company may so use its right of way as to render the former place of crossing unreasonable, and he is not necessarily entitled to a crossing at that place.

Such facts and conditions do not measure the damages, however, but are to be considered in weighing the testimony of the witnesses as to the difference in the value of the farm before and after the condemnation, which is the measure of damages.

**Same:** DAMAGES: EVIDENCE. A railway company may construct as many tracks upon its right of way as it chooses, and hence the showing of a present intention to use but one track is not permissible for the purpose of reducing its damages in a condemnation of right of way.

**Same:** LOCATION OF CROSSING: EVIDENCE. In a condemnation proceeding the inquiry, "In case the plaintiff should insist on having a crossing placed at the old location, where the crossing originally was, state, as a civil engineer, whether there is any engineering difficulty, aside from expense, to prevent furnishing a crossing there," was properly excluded as evasive and as eliminating the element of expense, an important question in

determining whether a designated location is a "reasonable" place.

**Same:** INSTRUCTIONS. A requested instruction in a condemnation proceeding, that the law requires a railway company to furnish a landowner, having land on both sides of the right of way, a crossing at such "point" as he may designate, was properly refused, the statute requiring the crossing to be constructed at such "reasonable place" as the owner may designate.

And the refusal of an instruction to the effect that damages should be assessed on the theory that the company is required to furnish a crossing regardless of expense was proper, as the company is only required to furnish a crossing at a reasonable place, and expense is an important element in determining the reasonableness of the place.

It was also proper to refuse an instruction to the effect that a crossing to be furnished by the company might be overhead or under ground, where there was no evidence of the necessity of such a crossing, and in view of the further fact that grade crossings are the rule in this State.

**Condemnation:** JUDGMENT: APPEAL. A judgment for costs and attorney's fees in condemnation proceedings, upon a verdict for the landowner, is all the statute contemplates aside from the court's formal order in the case, and the same entitles the defendant to an appeal.

*Appeal from Linn District Court.*—HON. MILO P. SMITH, Judge.

WEDNESDAY, JANUARY 20, 1909.

REHEARING DENIED WEDNESDAY, MAY 12, 1909.

THIS is a condemnation proceeding for a right of way for the defendant railway company. There was a trial to a jury, and an assessment in favor of plaintiffs of $1,835. Defendant appeals.—*Affirmed.*

*Cook, Crocker, Loomis & Tourtellot,* for appellant.

*J. C. Leonard* and *Voris & Haas,* for appellees.

EVANS, C. J.—Plaintiffs' premises consist of a tract of land of thirty or thirty-five acres, located about one mile from the city of Marion. Many years ago the defendant railroad company laid its right of way, one hundred feet in width, through this tract, and has used the same for railroad purposes down to the present time. This proceeding involves an additional condemnation. For the purpose of straightening its track the defendant company instituted a proceeding to condemn an additional strip of land contiguous to the north side of the original right of way, and extending through the plaintiffs' tract from east to west. The strip so taken is one thousand feet in length, and varies in width from one hundred and fifty to one hundred and seventy feet, and contains an area of three and seventy-six one-hundredths acres of land. Plaintiffs' buildings are near the south line of the tract, and the most valuable land is on the south side of the railway. On the west side of the tract the plaintiffs have maintained for many years two pastures, which were divided from each other only by the old right of way. About twenty-five years ago a crossing was furnished to the plaintiffs by the defendant near their west line, and the same had been used ever since for passing from one pasture to the other, and to some extent for the hauling of wood and stone. There appears to have been another crossing, also, not far from the east line of the tract, and which furnished a means of access to tillable land on the north side of the railway. Defendant's roadbed as built upon the additional strip of ground is a high embankment. For the purpose of obtaining earth to build such embankment the ground between the two lines of track has been excavated to great depths. The embankment becomes higher, and the excavations deeper as one proceeds from the east line to the west. At the east line the excavation is about five or six feet deep, and the embankment a corresponding height. The excavation reaches

a depth of about fifteen feet at the west line, and the embankment a height of about twenty feet above the natural level of the ground. This condition naturally disposed of the crossing near the west line, for the time being, and the railway company placed a new crossing close to the east line, and carried the same across the excavations and the embankments by a fill about sixteen feet wide. The following is a diagram of the premises:

EXHIBIT "I"

The evidence introduced on behalf of the plaintiffs tends to show that the condemnation of the additional strip works a damage to the plaintiffs greater than the mere value of the land taken, and that the change of the place of crossing from the west side to the east side worked an additional inconvenience to the plaintiffs.

I.   Plaintiffs introduced evidence of the use of the west crossing for twenty-five years or more.   To this line of evidence the defendant objected, on the ground that they were not entitled to this crossing

1. CONDEMNA-
TION OF
ADDITIONAL
RIGHT OF WAY:
previous con-
ditions: incon-
venience in
change of
place of cross-
ing: damages.

as a matter of law, even though they had received it as a matter of grace, and on the ground that they had had two crossings, and were entitled to only one, and that the crossing in question was not the "regular farm crossing."   Defendant's objections were overruled, and it assigns error on the court's ruling.   There was no error in admitting this evidence.   It was proper to show the conditions actually existing immediately before the condemnation.   And if these conditions had existed for twenty-five years it emphasized plaintiffs' right to show them.   There is nothing in the evidence to the effect that this was not the regular farm crossing.   Another crossing does appear upon the plat, but no testimony was offered by either party in relation to it.   Nor was there any error in permitting the plaintiffs to show the inconvenience suffered by them by reason of being deprived of the crossing in question.   It was not a controlling circumstance on the question of damages, but it was proper to be considered.

The theory of the defendant on the trial was that, inasmuch as the plaintiffs were entitled, under section 2022 of the Code, to "an adequate means of crossing" . . . "at such reasonable place" as they might designate, that inconvenience caused by a change of place of a crossing could not be considered at all in estimating damages.   Its contention now is that the plaintiffs

were not bound by the present location of the new cross-
ing, and that they had a right to demand its location
at a reasonable place. This question is not without its
difficulty. If it could be said as a matter of law that
the plaintiffs are now entitled to a crossing at the former
place, then defendant's argument would be sound in this
respect. But the defendant has the legal right to so use
its right of way as to render the former location of the
crossing not a "reasonable place." And even though the
plaintiffs have a right to demand a crossing "at a reason-
able place," it does not follow that they are entitled to
demand it at the old location. The difficulty of this ques-
tion is emphasized by the fact that the question of "rea-
sonable place" can not be adjudicated in this case. Because
that question must be determined by a separate proceed-
ing, some risk is involved to both parties in this case as
to what a future finding might be upon that question. We
see no better rule to follow under the circumstances than
to allow the conditions to be shown as they are. Such
facts and conditions do not measure the damages; they
are not offered for that purpose. The measure of damages
is the difference between the fair market value of the farm
before and after the condemnation. Testimony is offered
directly upon this question. The facts and conditions re-
ferred to may be considered by the jury in weighing the
testimony of the witnesses on this branch of the case. In
this case the defendant company selected the new place of
crossing, and that is a circumstance entitled to some con-
sideration.

II. The defendant examined as a witness W. E.
Shawhan, a civil engineer. Defendant's counsel asked this
witness "whether or not it is the intention of the defendant
company, if you know, to take up the rails
and ties upon the present track and lay a
new track upon the new location, and then
only maintain that track upon the new location." The

2. SAME:
   damages:
   evidence.

court sustained an objection to this question. The ruling was clearly right. Even if the witness could be deemed competent to testify to the intention of the company, it could not reduce plaintiffs' damages by proving its own present intention not to use more than one track. The material question affecting plaintiffs' damages was the right of the defendant company to maintain as many tracks upon such right of way as it saw fit. It might intend for the present to maintain but one. It could change such intention tomorrow, without being liable to the plaintiffs for additional damages.

Counsel for the defendant propounded to this witness the following question: "In case the plaintiffs should insist upon having a crossing placed at the old location where the crossing originally was, state, as a civil engineer, whether there is any engineering difficulty, aside from expense, to prevent furnishing a crossing there." Upon objection by plaintiffs, the court ruled out this question also. We think this ruling was proper. The question is evasive in form. The element of "expense" is eliminated. This is the principal "difficulty" which ordinarily confronts such engineering enterprises. If the witness had answered this question in the negative, it would prove nothing. It is self-evident that a crossing could be, constructed at such location if the question of "expense" is to be eliminated. But "expense" is an important consideration in determining whether a designated location is a "reasonable" place. The defendant did not at any time offer to commit itself to the proposition that the old location was a "reasonable place." If it had done so, a different question might be presented. It could have done so by a short method, which would have rendered this line of evidence unnecessary.

3. SAME: location of crossing: evidence.

III. At the close of the evidence the defendant submitted for the consideration of the court eight instructions, and requested that they be given. The court gave in sub-

stance the fourth and seventh thereof, and refused the others, and the defendant complains of such refusal. These instructions are too lengthy for us to set them out in full. They all relate to the same general proposition stated in different forms. The general proposition covered by them is that the plaintiffs are entitled to an adequate crossing, and therefore are not entitled to an enhancement of damages by reason of a change in location. These instructions are argumentative, and contain negative propositions covering issues not properly in the case. The correct propositions of law contained in them are deeply imbedded in improper argument. Instruction No. 1 is fairly illustrative, and is as follows:

4. SAME: instructions.

The law of this State requires that, where a person owned lands upon both sides of a railway, the railway company shall furnish to him one cattle guard and one causeway, or other adequate means of crossing the track at such point as the owner may designate. The question of what shall be the particular location of the crossing to be furnished by the company is not to be considered in this case. You are to assess the damages sustained by the landowner upon the theory that the railway company will be compelled by law regardless of expense to it, to furnish the landowner adequate means of crossing its track and right of way. This may require a fenced lane to cross the right of way with cattle guards, or it may require a crossing to be constructed under the track, or in certain instances by a bridge over the track. But in some way the railway company must furnish to the plaintiff in this case adequate means of crossing, and your verdict must be rendered upon the theory that such adequate means will be furnished.

The first sentence would have been proper, if it had not departed from the statute, in substituting the word "point" for "reasonable place." As it is, it is clearly erroneous. The latter half of this instruction is improper. As already indicated, "expense" is an important considera-

tion in the determination of a reasonable place for a crossing. *Herrstrom v. Ry.,* 129 Iowa, 507; *Truesdale v. Jensen,* 91 Iowa, 312. The suggestion that the plaintiffs might be entitled to an overhead crossing or an under crossing was a most remote speculation in view of the evidence in the case, and in view of the fact that grade crossings are the rule in this State. The defendant was not entitled to such suggestion to the jury. *Schrimper v. Chicago, Milwaukee & St. Paul R. R.,* 115 Iowa, 35. If defendant's counsel had seen fit to ask an instruction in conformity to section 2022, it would have been a very proper instruction, and would doubtless have been given. They were not satisfied to ask an instruction in that form. They were not entitled to any of the instructions asked, because of the inclusion of improper matter. There is a possible hardship involved to the defendant in permitting the jury to consider a crossing location which may hereafter be changed. But we see no way to avoid it without leading to greater incongruity. Inasmuch as the question of a "reasonable place" for such crossing can not be tried in this case, nor directly considered by the jury, we know no rule that will forbid the plaintiffs from showing the existing facts as they are, and having the same submitted to the jury under proper instructions. No complaint is made of the instructions actually given by the court, nor did the defendant request any proper instruction with reference to this particular line of evidence.

IV. Appellees urge the point that this court is without jurisdiction because no judgment was entered by the lower court upon the verdict. The lower court did, however, enter a judgment for costs and for attorney's fees. It failed to enter judgment on the verdict only because a judgment is not contemplated by the statute. The right is always open to the defendant railway company, even after verdict, to

5. CONDEM-
NATION:
judgment:
appeal.

abandon the condemnation proceedings. In such case it is liable only for costs, and no judgment for more is permissible. The court below did enter its final order in the case. It had no further function to perform. . The defendant was entitled to appeal. We find no error in the record. —*Affirmed*.