J. B. WUESTER, *Appellee,* v. THE TOPEKA & NORTH-WESTERN RAILROAD COMPANY, *Appellant.*

No. 16,853.

### SYLLABUS BY THE COURT.

1. RAILROADS—*Right of Way—Damages—Title—Evidence.* On a trial, the plaintiff, to prove the material fact of his ownership of a tract of land, introduced in evidence a deed thereto which purported to convey such title to himself and another who was not a party in the action. Thereafter the plaintiff offered in evidence a written statement executed by the other grantee by the terms of which such other disclaimed any interest in the land from the date of the deed. *Held,* the admission of such disclaimer, over the objection of the defendant, was material error.

2. ——— *Damages — Maintenance of Crossings — Instructions.* On the trial of an appeal from an award by commissioners of damages for the condemnation of a right of way across a farm, the jury inspected the premises upon which the grade, with over and under crossings, had theretofore been made. The plat, or profile, furnished to the commissioners had no crossings indicated thereon. *Held,* if on such trial the railroad company indicates by requesting an instruction, or it is otherwise indicated upon the record, that it assumed the maintenance of such crossings, then the court should have instructed the jury to allow no damages for making or maintaining such crossings as were then made.

Appeal from Marshall district court. Opinion filed November 11, 1911. Reversed.

*R. W. Blair, H. A. Scandrett,* and *B. W. Scandrett,* for the appellant.

*R. W. Redmond,* for the appellee.

The opinion of the court was delivered by

SMITH, J.: J. B. Wuester perfected an appeal to the district court of Marshall county from an award of damages made by commissioners appointed by the district judge for the condemnation of land for the right of way of the appellant railroad company across four

contiguous eighty-acre tracts of land in that county. Subsequently an additional adjacent tract of land was condemned for the same purpose by the commissioners. Wuester also perfected an appeal from this award.

On the trial the two actions were consolidated. A jury was impaneled and returned a verdict in favor of the plaintiff for a larger sum than was awarded by the commissioners. The railroad company appeals.

The four eighty-acre tracts of land in question are each one-half mile long from north to south, and one-fourth mile wide from east to west, and, as said, lie contiguous.

On the trial, to prove his title to the two east eighty-acre tracts, which we will call the east tract, Wuester introduced a deed of the land to himself alone, and, to prove title to the two west eighty-acre tracts, which we will call the west tract, introduced a deed to himself and to A. R. Wuester, his wife, as grantees. Wuester also testified that he was the owner of the east tract and also the west tract, and they were occupied as separate farms, each being rented to different tenants.

On the trial Mrs. Wuester was not produced as a witness, but in lieu of her testimony the appellee offered in evidence, over the objection of the appellant, an instrument in writing, which was executed and acknowledged before a notary public, which reads:

"DISCLAIMER.

"KNOW ALL MEN BY THESE PRESENTS:

"That I, Anna R. Wuester, hereby disclaim any interest or estate in and to the following described lands, to wit:

"The east half of the northeast quarter of section No. six (6), and the west half of the northwest quarter of section No. five (5), all in township No. three (3) south, of range No. eight (8) east, all in the county of Marshall and state of Kansas, subsequent to the execution of the deed from Gottlieb Schwarz and Johanna Schwarz, his wife, to J. B. Wuester and Anna R. Wuester, by reason of the said deed, which is dated the 2nd day of December, A. D. 1903, and recorded in

volume 141, at page 380, of the records in the office of the register of deeds of Marshall county in the state of Kansas. A. R. WUESTER."

No assignment of error is directly made on the ruling of the court in admitting this disclaimer in evidence, but error in the admission thereof is discussed in connection with the refusal of the court to give instruction No. 9, requested by the appellant. This requested instruction was to the effect that the undisputed evidence, referring to the deed, shows that the title to the west tract was one-half in the appellee and one-half in A. R. Wuester, his wife; that therefore the appellee should recover only one-half the market value of the land appropriated in this tract and one-half the damage to the remaining portion thereof.

If the disclaimer of Mrs. Wuester was not competent evidence in the case, then the deed, introduced in evidence by the appellee, purporting to convey the west tract to himself and wife, would be the undisputed evidence as to such title, except that Wuester as a witness testified, in effect, that he was the owner of both tracts. This he gave as a general conclusion of fact, and he did not undertake to explain the specific fact that the deed purports to convey the west tract to himself and his wife jointly. It seems, therefore, that the requested instruction No. 9 should have been given unless the so-called disclaimer of the wife is evidence in the case tending to show that her husband was the sole owner of the west tract.

A disclaimer, properly speaking, is a paper filed by a party to a suit, disclaiming any interest therein or some specific interest therein. This paper, called a disclaimer, is nothing more than an unsworn admission of one not a party to the suit. The statement of counsel for appellee at about the close of his evidence indicated that Mrs. Wuester was present and that she would be produced as a witness. Even if her evidence had been taken by deposition and it appeared that she was present and could be produced in court, such deposition

could not be used in evidence over the objection of the adverse party. The so-called disclaimer, even if competent evidence, does not tend to prove that the appellee had acquired the one-half interest in the west tract which the deed, unexplained, proves had been conveyed to his wife. We think the disclaimer should have been excluded and that it was material error to admit it in evidence.

We do not mean to intimate that the deed referred to is conclusive against the claim of the appellee that he owned, at the time of the condemnation, and had the sole title to the west tract. The deed may be explained by oral evidence. (*Hubbard v. Cheney,* 76 Kan. 222, 91 Pac. 793.) Hence, although it was error not to allow instruction No. 9, as requested, upon a new trial of the case, if there should be competent evidence that the appellee was the sole owner of the west tract the question of fact as to the ownership should be submitted to the jury and a like instruction would be improper.

In *C. K. & N. Rly. Co. v. Ellis,* 52 Kan. 41, 33 Pac. 478, in a similar case, it was said:

"Upon the trial of the action upon such an appeal, the party appealing can only recover damages for such an interest or estate in the land as he can establish in himself." (Syl. ¶ 2.)

It is contended that the court erred in refusing to give the tenth instruction requested, and erred in giving, on its own motion, instructions Nos. 10 and 11. The question involved is whether, the company having practically completed the grade and constructed under and over crossings on the land in question at the time of the trial, Wuester could recover damages for the maintenance thereof. The jury were taken to the premises and had a view of all that had been done, including the crossings. It is contended that the railroad company would not be required to construct or maintain any crossings under or over the track except such as were marked on the plat submitted to the commissioners upon the appraisement. This is the rule which

should guide the commissioners in assessing damages. On such a trial, however, when the jury is taken to the premises and sees the under and over crossings which have, in fact, been made, it is evident that damages should not be allowed for the construction of such crossings. Also if the railroad company request an instruction that no damages be allowed to the landowner for the maintenance of such crossings, or otherwise causes it to appear of record that it assumes the burden of such maintenance, no damages should be allowed to the landowner therefor. The same presumption arises from such action of the railroad company as arises from the making of crossings upon the map or profile. In either case, however, the jury are not precluded from determining, on evidence thereof, that other crossings are necessary and allowing damages therefor. (*Railway Co. v. Wynkoop,* 73 Kan. 590, 85 Pac. 595.) The case of *Lind v. C. K. & W. Rld. Co.,* 42 Kan. 352, 22 Pac. 423, is not applicable. In that case the trial was had before the grade and crossings were completed, and the general rule was held applicable that it was not to be presumed the railroad company would construct any crossings which did not appear upon the map or profile submitted to the jury.

Complaint is further made of the refusal of the court to strike out the testimony of certain witnesses who, in estimating the damage to the land not taken, said in effect that they took into consideration loss to stock which might occur from the negligent management of the road. Instead of striking out the evidence, the jury were instructed that they were not to allow any damages on account of losses which might occur because of the negligent management of trains. The court did not err in refusing to strike out all of the evidence of these witnesses, some of which was competent. For the error in admitting the so-called disclaimer in evidence, the motion for a new trial should have been sustained.

The judgment is reversed and a new trial is awarded.