# JUNE, 1929

GULF COAST IRRIGATION COMPANY v. J. B. GARY.

No. 5231.   Decided March 7, 1929, June 5, 1929.
(14 S. W., 2d Series, 266.)

470

*Baker, Botts, Parker & Garwood, Barksdale Stevens, W. E. Davant,* and *Rodman Cosby,* for appellant.

A District Court is without jurisdiction to interfere by injunction with condemnation proceedings over which the County Court has acquired jurisdiction by the landowner's appeal. Even if the award in this particular case is wholly void (and this we deny), an injunction will not lie where there is a clear, adequate remedy at law by an appeal to the County Court; and all the more is this true where the land owner has actually perfected an appeal. Johnston v. O'Rourke, 85 S. W., 501; Hopkins v. Cravey, 85 Texas, 189; Davidson v. T. & N. O. Railway Co., 67 S. W., 1093; G. C. & S. F. Railway Co. v. Fort Worth & Denver City Railway Co., 86 Texas, 537; Ellis v. Railway Co., 203 S. W., 172; Hammack v. Schley, 186 S. W., 872; G. C. & S. F. Railway Co. v. Cleburne Ice Co., 83 S. W., 1100; T. & N. O. Railway Co., v. City of Beaumont, 275 S. W., 944; Rabb v. LaFeria Mutual Canal Co., 130 S. W., 916.

Even if award is wholly void, landowner cannot enjoin entry on land where right of appeal exists. Railway Co. v. Ware, 74 Texas, 47; Railway Co. v. Wright, 88 Texas, 346; Hamblin v. Knight, 81 Texas, 351; Railway v. Rawlins, 80 Texas, 579; Ward v. Powell, 140 S. W., 1188.

*Kelley & Hawes, A. D. Dyess,* and *Black & Graves,* for appellee.

Where as here, the condemnor for the purpose of defeating the owner's claim for damages in money, seeks to, and does have other issues (not within the provisions of the statute) determined, and injects issues as to mineral privileges which it attempts to cede back to the landowner, the proceeding wholly ceases to be one under the eminent domain statutes of this state. Therefore, appel-

lant under the proceeding shown by this record was not entitled to the benefits of Art. 3268 or to act thereunder, and would be purely a trespasser in attempting to take possession of and destroy or injure appellee's land. 33 C. J., page 1076; 32 C. J., page 135, 137; 1 Freeman on Judgments, sec. 116, pg. 176; G. H. & S. A. Ry. v. Mud Creek Irr. Co., 1 White & Wilson Civ. App. Cas., 393 and 294; G. C. & S. F. Ry. v. Lyons, 3 White & Wilson, sec. 139; Haverbekken v. Hale, 109 Texas, 113; Mitchell v. Runkle, 25 Tex. Supp., 132; Parks v. City of Waco, 274 S. W., 1006; Parker v. Railway, 84 Texas, 33; Pecos Ry. Co. v. Malone, 190 S. W., 809; Railway Co. v. Henderson, 86 Texas, 307; Railway Co. v. Clark, 146 S. W., 75; Rabb v. LaFeria Canal Co., 130 S. W., 916; Smith v. Paschal, 1 S. W., 1086; Uvalde Co. v. Railway Co., 267 S. W., 686; Travis County v. Trogdon, 29 S. W., 46, aff. 31 S. W., 358; Vance v. Southern Kansas Ry. Co., 173 S. W., 268; Wood v. Sloan, 9 S. W. (2d) 485.

It is plain that since the condemnation suit now pending on appeal in the County Court of Wharton County is not a case in which "those having the right of eminent domain *are sued* for property or for damages to property," the statute providing that the court in which such suit is pending "may determine all matters in dispute between the parties, including the condemnation of property," is inapplicable.

Mr. Judge CRITZ delivered the opinion of the Commission of Appeals, Section A.

### STATEMENT OF THE CASE.

In August, 1928, in pursuance of R. C. S. of Texas, 1925, Art. 3264, the Gulf Coast Irrigation Company, a corporation enjoying the rights of eminent domain, failed to agree with J. B. Gary, Appellee, on the amount of damages that might inure to appellee and, as a consequence, filed its written petition with the County Judge of Wharton County, Texas, seeking the condemnation of an irrigation canal of a strip containing 71 acres of land, across appellee's farm of about 4,000 acres of land. This petition so far as the record shows was in due form of law.

The county judge, in conformity with law, appointed three commissioners to assess the damages, who regularly qualified as such, and gave the statutory notice of the hearing of the matter before said commissioners on September 18, 1928.

In due time, the appellee filed answer and exceptions to the petition of plaintiff, alleging in substance that his land consisted of 4,000 acres, 4 miles long and 1½ miles wide, and that the proposed canal would cut through the entire length of said land, and divide same into five different parcels of irregular shape, and without being of any benefit to him would damage him by requiring him to build and maintain 16 bridges across, and four miles of fences along the sides of said canal; that said land was potential sulphur-bearing land, and said canal would destroy his right to mine sulphur, and other minerals adjacent to it, etc. In his answer appellee claimed damages in the total sum of $74,975.00, being $14,975.00 for the alleged market value of the land taken, and damages to the remainder of the tract of $60,000.00. Up to and including the filing of this answer by appellee there is no claim by either party of any illegality or irregularity in the proceedings.

After the filing of the appellee's said answer the appellant filed before said commissioners two supplemental pleadings, in reply to the said answer of the appellee, the material portions of which are set out in the certificate, as follows:

1. "This plaintiff says: That the canal proposed to be constructed on the land described in plaintiff's petition will be constructed in such a manner that the same will not interfere with or destroy adequate and proper drainage for use of the remainder of the land through which it passes, but that the same will have proper and adequate drain ditches and underpasses where required by nature, or the drainage of the terrain and will be adequately and properly flumed at those points where same shall cross any natural drain and that no damage to the surrounding land will be occasioned by reason of the construction of the proposed canal and the maintenance thereof.

"Plaintiff denies that it is necessary for the proper handling of this land either for stock raising purposes or agricultural purposes that the right of way of the plaintiff be fenced from the surrounding land and denies the necessity for any such fence or fences as plead by the defendant.

"Plaintiff specifically denies that the right of way or any part thereof is underlaid by sulphur capable of being mined and says that no mining operations for sulphur are now under way or are contemplated along said right of way. And for further answer this plaintiff says that this condemnation does not and could not affect the minerals belonging to J. B. Gary, but that the title to same, if any, could and would remain in the said J. B. Gary, together with the

right of producing the same, when not unreasonably interfering with use of the right of way of plaintiff, and here and now offers in the event that oil is sought to be produced that same may be produced upon said right of way without interference of this plaintiff, so long as same is produced in an orderly and proper way, without unreasonable interference with the use of said canal.

"Plaintiff further denies that any such necessity of the building of 16 bridges exists or could exist and says that the plaintiff will build bridge or bridges at such point or points across said right of way as in the opinion of the Commissioners is reasonably necessary.

"Plaintiff further denies that the values of said land are as stated by the defendant, J. B. Gary, but on the contrary says that the values of said land, so far as that portion of the right of way traversing the prairie and wood section of said land is concerned, is not in excess of $40.00 per acre and that the value of said land in so far as that portion of the right of way is composed of Caney land is concerned is not in excess of $100 to $125 per acre. And this plaintiff specifically alleges that the construction of the proposed canal will not injure the remainder of said land of this defendant, but on the contrary says that such canal will enhance the value of the remainder of defendant's land, will increase the income of the defendant and that such enhancement would far more than offset any damage to same by the defendant if any is sustained."

2. "The Gulf Coast Irrigation Company, plaintiff herein, hereby agrees that the said J. B. Gary, defendant herein, his heirs or assigns and lessees shall be in no way liable to plaintiff, its successors or assigns, by reason of subsidence of the surface of the right-of-way herein described by reason of the mining of oil, gas or sulphur in a proper manner upon the lands owned by the defendant adjoining said right-of-way or on the right-of-way as hereinbefore stipulated."

After the filing of the above pleadings the commissioners proceeded to hear the evidence, and at its conclusion rendered and filed with the County Judge of said County the following award:

"On this the 19th day of September, A. D. 1928:

"(1) We the Comr's award damages to deft. J. B. Gary in the sum of $8944.50 for value of land taken and described in plaintiff's original petition, and injuries to the remainder of the 4000 acre tract.

"(2) We also award and adjudge that plaintiff construct and maintain 10 bridges adequate for passage of vehicles, live stock and ordinary traffic, across the right-of-way described in plaintiff's peti-

tion at such points as may be designated by deft. upon the construction of said canal.

"(3) We also adjudge and award that plaintiff construct and maintain fences across said canal at any point where present or future fences of deft. cross said canal right-of-way.

"(4) In arriving at amount of damages we have taken into consideration the stipulations filed by plaintiff and also those contained in its second supplemental petition on file herein.

"(5) We award all costs against plaintiff."

Thereafter appellant, after paying the accrued costs deposited in the County Court of said county double the amount of the money damages awarded by said commissioners, and also filed an approved cost bond for further costs, as required by law.

Thereafter and within 10 days, as required by law, appellee filed with the County Judge of Wharton County his exceptions and objections to the above award, the more material portions of which are set out in the certificate, and are as follows:

"This defendant further specially excepts to said second supplemental petition because same sets forth conditions and promises, which the plaintiff sought thereby to impose, and to which defendant has at no time agreed, which said promises are promissory in their character and relate to acts to be performed upon contingencies to arise after the act of appropriation has been completed by the payment of the award, and after the taking of the land appropriated.

"This defendant further specially excepts to said second supplemental petition of the plaintiff filed herein and with the commissioners, as aforesaid, because thereby the plaintiff sought, over the protest of the defendant and without his consent, to obtain a conditional right-of-way over defendant's land and sought to condemn only a right to the joint use and occupation of that part of defendant's land sought to be taken by plaintiff for right of way purposes, which would result in the con-joint occupation and use of defendant's land, to which con-joint occupation the defendant has at no time consented or agreed.

"This defendant further specially excepts to plaintiff's said second supplemental petition because under the Constitution and Statutes of the State of Texas, the defendant is entitled to be compensated *in money* for the value of the land taken plus the depreciation in the market value of his adjoining land, by reason of the taking of said right-of-way and the construction and operation of the proposed canal.

"This defendant excepts generally to the purported award of said commissioners of date the 19th day of September, 1928, and filed herein on said date, for the reason that said award shows on its face that same is totally void, illegal and of no force or effect in that same does not award to plaintiff herein the amount of damages *in money,* as required by the Constitution and laws of this State, but attempts to award and adjudge that the plaintiff, Gulf Coast Irrigation Company, have constructed and maintained ten (10) bridges on said proposed right of way upon the construction of said canal, and also attempts to adjudge and award that said company constructs and maintains fences across said canal, present and future, and because it is specifically set forth in said purported award that the said commissioners, in arriving at the amount of damages to which the defendant is entitled, took into consideration the promises of the plaintiff to be performed in the future, and because said purported award shows, on its face, that said commissioners also took into consideration, in fixing the award made to the plaintiff, an instrument executed by said company and filed with the commissioners, by which said company attempted to leave in this defendant a mere license to enter on said right-of-way for the purpose of mining minerals under said land, and providing that this defendant should in no way be liable to the plaintiff, its successors or assigns, by reason of the subsidence of the surface of said right of way by reason of the mining of oil, gas or sulphur in a proper manner upon the lands owned by the defendant adjoining said right of way or on the right-of-way, as hereinbefore stipulated; because, under the Constitution and laws of this State, the plaintiff has no right to condemn a conditional right-of-way, and, by the filing of such instrument and petition, limit and reduce the amount of compensation in money, to which this defendant was entitled."

Seven days after filing the above exceptions and objections, and so far as shown by the record, without any further proceedings in the County Court of Wharton County, the appellee for the purpose of preventing the appellant's entry upon said land to construct said canal by virtue of said award, filed this suit in the District Court of Wharton County, in form of an action in trespass to try title, with prayer for injunction, and damages, and presented this petition to the Honorable M. S. Munson, Judge of said District Court, who, on the same day, October 5, 1928, sitting in chambers and without notice, granted the injunction as prayed for, requiring appellee to give a $2,500 bond.

As a basis for the injunction sought and obtained in the District Court, and after reiterating in substance what he had alleged in his exceptions and objections to the commissioners' award filed in the County Court, the appellee plead as follows:

"As is clearly shown from the purported award of the commissioners, and as set forth in said purported award, said commissioners did take into consideration said proposals and promises and attempted to make the same a part of their award, in contravention of the laws of this State and in derogation of the rights of this plaintiff.

"That said purported award is void, and it appears from the face thereof that the same is void, that the said commissioners acted capriciously and arbitrarily and wholly beyond their powers in attempting to provide that a portion of the compensation to which plaintiff is entitled be satisfied by said promises and proposals, both present and future, on the part of Gulf Coast Irrigation Company, hereinbefore referred to, and that said purported award is no award of the amount of damages to which plaintiff is justly entitled to in money; that said purported award is wholly void and illegal and Gulf Coast Irrigation Company acquired no right to take possession of said land and premises thereunder, in that it is impossible to comply with the provisions of said purported award prior to the taking of possession of said land and premises, as provided by the Constitution and laws of this state. That defendant has not complied with the provisions of the said award, and it is impossible at this time for it to comply with the terms thereof, in that a provision thereof consists of continuing promises, which can only be carried out in the future. That this plaintiff has not accepted or acquiesced in said purported award in any way whatsoever, and has not consented to, and is not willing to accept either the construction or maintenance of bridges, the construction or maintenance of present or future fences across the right-of-way, or any attempted license or promise offered by said company as to the mining of minerals under said land, in lieu of the money damages to which he is entitled, and here now protests against any such conditions or provisions, and earnestly asserts his right to compensation in money to which he is justly entitled prior to the taking of said land and premises; that plaintiff has never accepted any sum of money from the Gulf Coast Irrigation Company for the rights which it is attempting to wrongfully take, and has never consented to said company's entering upon his said land or its attempt to so do, and is in nowise estopped to deny the right of said company to wrongfully enter upon and take his land as it is threatening to do."

As shown by the certificate the following matters and proceedings then transpired:

"Thereafter appellant filed its answer to and motion to dissolve the injunction, first separately presenting pleas of privilege to be sued in the county of its domicile—Matagorda—and to the jurisdiction of the District Court of Wharton County, on the grounds that the suit, being one purely for injunctive relief, was not maintainable against it out of the county of its corporate domicile, and especially not in the District Court of Wharton County, because the appellee had seasonably filed his exceptions and objections to the award of the Commissioners of Condemnation in the county court of that county, thereby in effect vacating such award and conferring upon the latter court sole jurisdiction to try the case de novo on an appeal thereto so duly perfected; second, after a general demurrer, reiterating in detail the condemnation proceedings, asserting them to have been in all respects duly and regularly instituted and carried out, and that they constituted a full compliance by appellant with the constitution and statutes of Texas in the exercise of its right of eminent domain, and that, if in any way aggrieved thereby, the appellee in turn had thereunder an adequate remedy likewise prescribed to correct or revise any irregularities or defects in the resulting award by pursuing the appeal he had perfected therefrom to the county court of Wharton County;

"Further averments were to the effect, (1) that the appellee, by the conduct of his counsel in open court before the Commissioners of Condemnation in demanding what stipulation appellant would make as to bridges over, drainage of land adjacent to, and mining operations on or near the proposed canal, had invited the supplemental pleadings and stipulations of appellant with reference to those features, and that, if any error by reason thereof had crept into the award, he was estopped to complain on account of it; (2) that the injunction suit had been brought solely for delay and to harass the appellant, which was entirely solvent and able to respond in any possible damages in the orderly conduct of its public service operations under its right of eminent domain; (3) that the balance of convenience with respect to the granting of an injunction lay with appellant, since, after having paid into the county court of Wharton County in money double the amount of the award, as well as filed the bond there, it had placed equipment upon the land condemned and contracted obligations looking toward the immediate construction of the canal, all of which, if the injunction should be

continued in force, would result in irreparable injury and damage to it, whereas the appellee had adequate protection by virtue of the cash deposit and of appellate's solvency;

"The District Judge heard the motion to dissolve, under the presentment of evidence by appellant, and on October 13, 1928, overruled the motion, as well as appellant's plea of privilege and to the jurisdiction, and, holding the award 'not in conformity with the law and not sufficient to authorize the appellant to enter upon the property until a proper award is made,' continued the injunction in force with the modification that appellant 'is restrained from entering upon said premises under the award of the commissioners until further orders of this court,' requiring, however, an increase in appellee's bond from the $2500.00 originally fixed to $10,000.00;

"The appeal now pending here proceeded from that decree.

"The facts showed that, in the interim between the filing of the commissioners' award and the granting of the injunction by the District Judge, appellant had in part entered upon the premises and done many things in preparation for the immediate construction of the canal, which at the latter date was imminent."

The Court of Civil Appeals propounds the following question: "Did the District Judge err in taking jurisdiction and in granting the writ as so modified?"

### OPINION.

We are of the opinion that the question certified should be answered "Yes." That is, the District Judge did err in taking jurisdiction, and granting the injunction as so modified.

In answering the above question as above we are fully aware, under the decisions of this court, that where the condemnation proceedings are void for want of power or jurisdiction in the County Court to condemn the property, then an attempted entry under such void proceedings may be enjoined. Haverbekken v. Hale, 109 Texas, 106, 204 S. W., 1162; Benat v. Dallas County, 266 S. W., 539, (Civ. App., w. ref'd.).

The rule announced in the above authorities can have no application to the facts of the case at bar. As shown by the certificate, and admitted in the briefs and arguments of both parties, in this court every step in the proceedings in the County Court was in absolute conformity with the statute up to and including the filing of appellee's answer before said commissioners. Under such circumstances the County Court obtained jurisdiction of said cause. Gal-

veston, H. & S. A. Ry. Co. v. Mud Creek Irrigation Co., 1 White & Wilson Civ. Cases, Sec. 394. In the above quoted case the court very correctly announces the following rule of law:

"Under our statute, the written statement provided for by Article 4182, is the initiatory step, and it is by virtue of this step that jurisdiction over the subject matter is acquired."

Revised Civil Statutes, Article 3269, provides:

"When those having the right of eminent domain are sued for property or for damages to property occupied by it for the purpose for which it has the right to exercise such power, the court in which such suit is pending may determine all matters in dispute between the parties, including the condemnation of property, upon petition or cross-bill asking such remedy by defendant, but the plea for condemnation shall be admission of the plaintiff's title to such property."

Under the above quoted statute and the other provisions of Title 52, Revised Civil Statutes of Texas, 1925, the County Court "may determine all matters in dispute between the parties" and no necessity can exist for the invoking of the powers of the District Court as a court of equity. Davidson v. Texas & N. O. Ry. Co., 29 Texas Civ. App., 54, 67 S. W., 1093; Johnston v. O'Rourke & Co., 85 S. W., 501, (w. ref'd.); Texas & N. O. Ry. Co. v. City of Beaumont, 285 S. W., 944, (w. ref'd.); Taylor v. Travis Co., 77 Texas, 333, 14 S. W., 137.

It is contended by appellee that the commissioners have gone beyond their authority, and granted damages in property and rights other than money, and therefore the award of the commissioners is void, and no rights are obtained thereunder.

We do not pass directly on the various exceptions and objections by appellee made to the award. All these matters may legally and properly be adjudicated and settled in the case pending in the County Court. We think it proper to say, however, that in a condemnation proceeding by an irrigation company, under the laws of this State, the irrigation company does not take a fee simple title to the land condemned, but merely takes an easement that carries no greater dominion by the irrigation company than is proper and needful to carry out the purposes for which the land is taken. The principle upon which such companies are allowed to exercise the right of eminent domain is not that they may do what they please with the land condemned, but that they may do what is reasonably needful to carry out the purposes for which the land is taken. Any-

thing beyond this is not the taking of private property for public use, but the taking of private property for private use.. It follows, therefore, when the whole of the tract is not taken, that the kind and character of easement condemned, and the manner in which the rights of the condemnor are to be exercised and maintained, and the rights and privileges left in the owner may properly be taken into consideration in assessing the damages. St. Louis K. & N. W. R. Co. v. Clark, 25 S. W., 192, 121 Mo., 169, 26 L. R. A., 751. (See also annotations in 26 L. R. A., supra.)

We therefore recommend that the question propounded by the Court of Civil Appeals be answered "Yes."

The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified.

C. M. *Cureton,* Chief Justice.

### ON MOTION FOR REHEARING.

MR. JUDGE CRITZ delivered the opinion of the Commission of Appeals.

In our original opinion we held that under the provisions of Title 52, R. C. S. of Texas, 1925, and under Article 3269, which is a part of said title, the County Court, on appeal, has jurisdiction to try and determine all matters in dispute between the parties to this suit, and therefore no necessity exists for invoking the powers of the District Court, as a court of equity.

On motion for rehearing the appellee, Gary, insists that said Article 3269 has no application, and that said article is applicable only to those cases wherein, "those having the right of eminent domain are sued for property or for damages to property occupied by it," etc. A reading of our original opinion will show that we held that under the provisions of Title 52, and said article, the County Court has jurisdiction to determine on appeal the issues here involved. We are of the opinion that even if said Article 3269 does not apply to this case that under the various provisions of said Title the County Court has ample power and jurisdiction to adjudicate and settle all matters in dispute in this suit, and that there is no necessity to invoke the jurisdiction of the District Court, as a court of equity to protect any right of appellee in the premises. We think this holding is settled by the authorities cited in our original opinion, and the plain provisions of the various statutes on the subject included under said Title 52.

We have carefully read and considered appellee's motion for rehearing, and the very able argument in support thereof, but we still adhere to our original opinion, to the effect that the County Court has power and jurisdiction to adjudicate all matters involved between the parties to this suit.

We therefore recommend that said motion be in all things overruled.