ARIE DE PENNING, Appellee, v. IOWA POWER & LIGHT COMPANY, Appellant.

No. 47276.

(Reported in 33 N. W. 2d 503)

952

Cross & Hamill, of Newton, and Gamble, Read, Howland, Gamble & Riepe, of Des Moines, for appellant.

Bray, Carson & McCoy, of Oskaloosa, for appellee.

GARFIELD, J.—Defendant Iowa Power & Light Company condemned a 100-foot strip across plaintiff's farm for a high voltage electric transmission line. Both parties appealed to the district court from the assessment of damages made by the commission appointed by the sheriff. Upon the appeal plaintiff alleged in his petition that defendant acquired under the condemnation the right of access to the condemned strip over the remainder of plaintiff's farm. The trial court overruled defendant's motion to strike these allegations as a misstatement of the rights of the parties, irrelevant, immaterial and redundant. Thereupon defendant filed answer denying that it acquired by the condemnation any right of access to the condemned strip over the rest of the farm.

. In a second division of its answer defendant alleged it has a convenient means of access to the 100-foot strip; if it acquired by the condemnation the right to enter upon any other portion of plaintiff's farm it "does hereby surrender and relinquish any right so acquired to plaintiff and consents that the judgment find and establish that defendant has surrendered, relinquished, and quitclaimed to plaintiff any right it may have

acquired under said condemnation to enter upon plaintiff's lands except upon the 100-foot strip."

Plaintiff moved to strike division 2 of defendant's answer as immaterial and redundant matter which cannot be considered upon the appeal, matter which constitutes no defense to plaintiff's petition, and because the rights acquired by defendant through the condemnation are fixed by statute, and division 2 is in derogation of section 489.16, Code, 1946. The trial court sustained this motion. Pursuant to permission granted by us under Rule 332, Rules of Civil Procedure, defendant has appealed from this ruling.

Code section 489.16 reads:

"Individuals or corporations operating such transmission lines shall have reasonable access to the same for the purpose of constructing, reconstructing, enlarging, repairing, or locating the poles, wires, or construction and other devices used in or upon such line, but shall pay to the owner of such lands and of crops thereon all damages to said lands or crops caused by entering, using, and occupying said lands for said purposes. Nothing herein contained shall prevent the execution of an agreement between the person or company owning or operating such line and the owner of said land or crops with reference to the use thereof."

Plaintiff contends and defendant denies that under this statute defendant acquired by the condemnation a right of access to the 100-foot strip over the remainder of plaintiff's farm for the purposes stated in the statute. Defendant's position is that it acquired a right of access to its transmission line only over the condemned strip and not across any other part of the farm. In overruling *defendant's* motion to strike allegations from plaintiff's petition as to the nature of the right of access acquired by defendant the trial court obviously adopted plaintiff's interpretation of section 489.16. This (earlier) ruling on defendant's motion to strike is not challenged on this appeal. We therefore assume, without deciding, such ruling is correct.

The question presented to us is whether defendant *in its answer to plaintiff's petition upon the appeal from the assess-*

*ment of damages* may effectively surrender its right of access to the transmission line over the rest of plaintiff's farm.

The condemnation was instituted by defendant under the authority of Code chapter 489, particularly section 489.14, and in the manner provided by chapter 472. Section 472.3 of chapter 472 provides that condemnation "proceedings shall be instituted by a written application filed with the sheriff of the county in which the land * * * is located." The application shall set forth a description of all property affected, "The purpose for which the condemnation is sought" and other matters. The form of notice is prescribed by section 472.9. It shall state "That such condemnation is sought for the following purpose: (Here clearly specify the purpose.)"

Defendant's application filed with the sheriff does not appear in the record. The notice signed by defendant by its attorneys states that it desires the condemnation of the 100-foot strip described with particularity and:

"That such condemnation is sought for the following purpose: for the construction, maintenance and operation of a 161,000 volt transmission line together with the permanent and perpetual right of ingress and egress to and from said property for the purpose of maintaining, repairing, altering or removing the poles, structures or other equipment incident to the operation of said transmission line."

At the time fixed in the notice the commission appointed by the sheriff appraised at $1100 the damages plaintiff would sustain by reason of the condemnation. (See section 472.14.) Plaintiff and later defendant appealed to the district court from the assessment so made. It was stated in oral argument that defendant deposited with the sheriff the amount assessed in favor of plaintiff, took possession of the condemned strip and constructed its transmission line. (See section 472.25.)

We entertain no doubt that defendant at the outset of the condemnation, by a suitable statement in the application filed with the sheriff and its notice to the landowner, could have so limited the rights to be acquired by it thereunder as to exclude any right of access to the condemned strip over the rest of the farm. While our statute makes no provision for

such limitation, the authorities are fairly clear such a reservation in favor of the landowner may be made at the outset. Indianapolis & Cincinnati Traction Co. v. Wiles, 174 Ind. 236, 91 N. E. 161, 163, and citations; In re Milwaukee Elec. Ry. & L. Co., 182 Wis. 182, 196 N. W. 575, 579, and citations; Tyler v. Town of Hudson, 147 Mass. 609, 18 N. E. 582; St. Louis, K. & N. W. Ry. Co. v. Clark, 121 Mo. 169, 195, 25 S. W. 192, 906, 26 L. R. A. 751, and note; 1 Nichols on Eminent Domain, Second Ed., section 225, page 691; 2 Lewis on Eminent Domain, Third Ed., section 712(481), pages 1247, 1248.

██ A limitation upon the rule just stated is that the condemnor may not leave any reservation of rights in the landowner that is incompatible with the use for which the land is condemned or impairs the condemnor's ability to render the public service for which the taking is made. But this limitation is not applicable here since the stricken portion of defendant's answer alleges it has other convenient means of access to the 100-foot strip. We understand a public highway affords such access.

██ Proprietary rights reserved to the owner of the fee are to be distinguished from mere unaccepted promises of the condemnor to do something in the future for the owner's benefit. As a rule the owner is under no obligation to accept such mere promissory stipulations. Louisville & Nashville R. Co. v. Western Union Tel. Co., 184 Ind. 531, 111 N. E. 802, Ann. Cas. 1917C, 628. and note 631; State ex rel. Polson Logging Co. v. Superior Court. 11 Wash. 2d 545, 119 P. 2d 694, 706; 29 C. J. S., Eminent Domain, section 155, page 1015; 18 Am. Jur., Eminent Domain, section 114.

Likewise mere permissive privileges to the landowner subject to revocation at will cannot be considered in reduction of damages. Moran v. Iowa State Highway Comm., 223 Iowa 936, 941, 274 N. W. 59; Kentucky-Tennessee L. &. P. Co. v. Beard, 152 Tenn. 348, 277 S. W. 889, 892; 1 Nichols on Eminent Domain, Second Ed., section 225, page 692; 29 C. J. S., Eminent Domain, section 143a, page 988.

██ That the condemnor has no present intention of exercising all the rights acquired or the probability that its use

may be a limited one are not proper matters for consideration in fixing compensation since damages must be paid for the rights appropriated even though full use thereof may not be immediately contemplated. Klopp v. Chicago, M. & St. P. Ry. Co., 142 Iowa 474, 480, 119 N. W. 373; Howe v. Inhabitants of Weymouth, 148 Mass. 605, 20 N. E. 316; 29 C. J. S., Eminent Domain, section 155, pages 1015, 1016.

Here, defendant's waiver of any right of access to the condemned strip over the rest of plaintiff's farm is not a mere unaccepted promise of future conduct nor a revocable privilege nor a mere statement of defendant's intention not to exercise such right, of access. By the filing of division 2 of its answer and a provision in the judgment pursuant thereto defendant will be effectively prevented from the exercise of any right of ingress or egress over plaintiff's farm and plaintiff is fully protected in this regard.

Defendant at the commencement of the proceedings, by an appropriate reservation in its application and notice, should have limited its condemnation by renouncing any right of access to the 100-foot strip over the rest of plaintiff's farm. We think, however, defendant's failure in this respect is not fatal to its right to have this reservation in favor of plaintiff considered upon the appeal from the award of damages. We see no insuperable objection to the manner in which defendant has waived any right of access over the remainder of the property. The fundamental reason why reservations of this kind are permitted in condemnations applies here as fully as if such a limitation had been made at the outset of the proceedings. We therefore hold it was error to strike division 2 of defendant's answer.

Defendant did not acquire the fee to the 100-foot strip but only an easement therein which could be used, so far as necessary, to construct, maintain and operate its transmission line as authorized by its franchise. Draker v. Iowa Elec. Co., 191 Iowa 1376, 1382, 182 N. W. 896. See, also, Evans v. Iowa Southern Util. Co., 205 Iowa 283, 287, 218 N. W. 66. Under Code section 489.14 defendant is "vested with the right of eminent domain to such extent as may be necessary * * *."

The principle upon which such companies are allowed to

condemn is not that they may do what they please but that they may do what is reasonably necessary to carry out the public purpose for which the land is taken. Anything beyond this is not the taking of private property for public use but for private use. Gulf Coast Irr. Co. v. Gary, 118 Tex. 469, 14 S. W. 2d 266, 267; St. Louis, K. & N. W. Ry. Co. v. Clark, supra, 121 Mo. 169, 195, 25 S. W. 192, 906, 26 L. R. A. 751, 763, and note on 751. A public utility, designed to serve the public, should not be burdened with property or interests not necessary to carry out its objects and purposes, for in the final analysis, the expenditures therefor must be borne by the public. In re Milwaukee Elec. Ry. & L. Co., supra, 182 Wis. 182, 196 N. W. 575, 579.

The law does not favor the taking of property for public use beyond the necessities of the case and if damages may be avoided by a waiver or stipulation definite and certain in its terms which will fully protect all parties concerned, there is no reason why such a waiver should not be received and acted upon. Tacoma Eastern R. Co. v. Smithgall, 58 Wash. 445, 451, 108 P. 1091, 1094, and citations. To permit such a waiver is in keeping with the spirit of the law that no greater interest should be taken than the public use requires.

Apparently one reason why reservations in favor of the landowner should ordinarily be made in the original or an amended petition in which the condemnation is sought is that they may definitely appear of record. Here the record will protect all parties as fully as if the waiver had been embodied in the original application and notice.

In 2 Lewis on Eminent Domain, Third Ed., section 712-(481), it is said:

"Where a limited right is desired, the limitation should be made a part of the record, by being embodied in the petition or order of condemnation *or otherwise.*" (Italics supplied.)

There is ample precedent for our conclusion that defendant could waive its right of access to the 100-foot strip over the rest of plaintiff's farm in the manner attempted here. Union Elec. L. & P. Co. v. Snyder Estate Co., 8 Cir., Mo.,

65 F. 2d 297, 308, 309 (Gardner, J.); Collier v. Merced Irr. Dist., 213 Cal. 554, 2 P. 2d 790, 795; Eldorado, M. & S. W. R. Co. v. Sims, 228 Ill. 9, 81 N. E. 782; Lieberman v. Chicago & S. S. R. T. R. Co., 141 Ill. 140, 30 N. E. 544, 548; Wuester v. Topeka & N. W. R. Co., 85 Kan. 636, 118 P. 1054; St. Louis, K. & N. W. Ry. Co. v. Clark, supra, 121 Mo. 169, 195, 25 S. W. 192, 906, 26 L. R. A. 751, and note; Gulf Coast Irr. Co. v. Gary, supra, 118 Tex. 469, 14 S. W. 2d 266, 267; Olympia L. & P. Co. v. Harris, 58 Wash. 410, 108 P. 940; Tacoma Eastern R. Co. v. Smithgall, 58 Wash. 445, 108 P. 1091; 1 Nichols on Eminent Domain, Second Ed., section 205, page 626.

In St. Louis, K. & N. W. Ry. Co. v. Clark, supra, a leading case on the subject, the court said on rehearing (at pages 197, 200 of 121 Mo., 907, 908 of 25 S. W., and 764, 765 of 26 L. R. A.):

"No good reason can be seen why the condemning company should not have the right to announce, upon the trial, and have made a matter of record, if not done in its petition, the manner in which the right of way should be used * * * Such an offer should be treated as in the nature of an amendment to the petition * * *."

In Tacoma Eastern R. Co. v. Smithgall, supra, it is said at page 451 of 58 Wash., 1094 of 108 P.:

"Ordinarily the condemning party should describe in its petition the property it desires to take, but cases will often arise where an unanticipated claim for damages interposed by the landowner may be lessened or entirely obviated by a stipulation or waiver on the part of the condemning party. * * * there is no reason why such a stipulation should not be received and acted upon."

It is sometimes argued that to permit such a waiver as defendant makes here is to allow the condemnor to pay for the property taken in part by such waiver and not in money. The authorities are agreed payment must be made in money. 2 Lewis on Eminent Domain, Third Ed., section 682(460); 1 Nichols on Eminent Domain, Second Ed., section 205, page 625. The argument is answered in some of the decisions cited above,

including the two from which we have just quoted, which say in effect that such a waiver is not a partial payment of damages but a limitation thereon—the company pays for what it needs and takes, and the landowner receives all the damages he in fact sustains.

This language, though perhaps dictum, in Moran v. Iowa State Highway Comm., 223 Iowa 936, 941, 274 N. W. 59, 62, supports our conclusion:

"What one holds by the grace or favor of another he holds by a tenure too uncertain to give it any value whatever. Had there been any reservation made through these proceedings by which any advantages which appellee may now have, through the favor of the highway authorities, could be claimed and enforced as a matter of right, a different situation would be presented."

Somewhat similar language appears in Klopp v. Chicago, M. & St. P. Ry. Co., supra, 142 Iowa 474, 480, 119 N. W. 373.

We are aware that under some decisions such a waiver as contained in defendant's answer must be made at the outset of the proceedings and not upon appeal from the commissioners' award. The disagreement in the authorities is mainly upon a question of procedure, not of substantive right, and is largely due to differences in the applicable statutes.

In some jurisdictions the original petition for the condemnation is filed in court and a hearing had and decree entered as to the nature and extent of the rights to be appropriated before damages are awarded. It appears from Cedar Rapids, I. F. & N. W. Ry. Co. v. Raymond, 37 Minn. 204, 207, 33 N. W. 704, 706, that the Minnesota statute then in force provided the trial court, in its order upon the petition for the appointment of commissioners, might reserve to the landowner certain rights and privileges. (In this decision cited by plaintiff, the right involved was "dependent upon the will of the company.") Where such practice prevails, there is greater reason for requiring any reservation of rights to the landowner to be made at the outset.

Our statutes provide no such procedure. As stated, the

original application is filed with the sheriff. He "thereupon" appoints the commission to assess damages. (Code section 472.4.) No court proceedings are had unless an appeal is taken from the appraisement of damages. Upon such appeal "The defendant shall file a written answer to plaintiff's petition, or such other pleadings as may be proper." (Section 472.22.) The amount of damages to be paid the landowner is not determined until the appeal is disposed of. (See sections 472.24, 472.28.)

Even after final determination of the appeal the condemnor may decline to take the property and pay the damages awarded, although in such event he shall pay the costs and damages actually suffered by the owner including reasonable attorney fees. Section 472.34; Klopp v. Chicago, M. & St. P. Ry. Co., supra, 142 Iowa 474, 482, 483, 119 N. W. 373; Hartley v. Keokuk & N. W. Ry. Co., 85 Iowa 455, 460, 52 N. W. 352; Mason City & Ft. D. R. Co. v. Boynton, 8 Cir., Iowa, 158 F. 599. See generally, on the right to abandon eminent domain proceedings, annotation 121 A. L. R. 12, 31, 70, 76, 77. Plaintiff concedes in argument that defendant could refuse to take any of his property after the final award is made.

The conclusion reached by us that a right acquired by the condemnation may be waived during the pendency of the appeal seems to be consistent with the statute which permits a condemnor to decline to take the property even after determination of the appeal.

Hastings v. Burlington & M. R. R. Co., 38 Iowa 316, 319, seems to have some application here. There, the condemnor deposited with the sheriff the amount of the award of the sheriff's jury, took possession and operated its railroad for two and one-half years and then, pending the appeal, abandoned its road. The court says:

"The fact of abandonment may be shown upon the question of damages, for after abandonment the property is restored to the occupancy of plaintiffs. * * * Now it is very plain that this state of facts diminishes the damages sustained by plaintiffs, and may properly be considered in determining their true claim for compensation. Plaintiffs ought not to be allowed for the occupancy of the lot after abandonment."

Plaintiff complains that if division 2 of the answer is permitted to stand a different question will be submitted to the trial jury from that considered by the commissioners. It is true defendant's waiver eliminates one element of damages which the commissioners may have considered. Unless by reason of this elimination the same or a less amount is awarded upon the appeal, thereby throwing the costs of the appeal upon plaintiff (see section 472.33), plaintiff will not be prejudiced by the fact that this reservation to him was not made at the outset of the condemnation. If the award is not increased it may well be that defendant should be required to pay at least a portion of the costs of the appeal by reason of its delay in waiving any right of access over the rest of plaintiff's farm. In oral argument defendant's counsel conceded as much. If the award is increased upon the appeal defendant must pay the costs thereof.—Reversed.

All JUSTICES concur.