Charles T. **THOMPSON** and Mildred C. Thompson, Appellants,

v.

**CITY OF OSAGE, Iowa, Appellee.**

No. 87–689.

Supreme Court of Iowa.

April 13, 1988.

John L. Butler of Lundy, Butler & Lundy, P.C., Eldora, for appellants.

Richard H. Gross of Casey, Doll & Gross, Osage, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, LAVORATO, and ANDREASEN, JJ.

ANDREASEN, Justice.

Appellants Charles T. and Mildred C. Thompson petitioned for writ of certiorari to challenge the authority of the City of Osage to condemn a temporary easement over their property. The City filed a motion to dismiss which challenged the court's jurisdiction to issue a writ of certiorari. The district court denied the City's motion to dismiss and discharged the writ of certiorari. We affirm.

■■■ This is an appeal from the district court order which annulled the writ of certiorari. Our review is governed by the rules applicable to appeals in ordinary actions. Iowa R.Civ.P. 318. The burden of showing illegality rests upon the party making that assertion. Iowa R.App.P. 14(f)(5). The facts are not in dispute. Neither party submitted evidence at the district court hearing.

## I. Facts and Proceedings.

On December 22, 1986, the City adopted a resolution directing condemnation proceedings be initiated to acquire an easement to construct and maintain a grass waterway for surface water drainage over and across Thompsons' property. The property to be condemned was described as a permanent easement ranging from 100–feet wide in places and 135–feet wide in other places. It also identified an overlapping 170–foot wide temporary easement for the construction and maintenance of the waterway. On January 12, 1987, the court entered an order granting the City's application for appointment of a commission to appraise damages. The Thompsons were served notice of assessment and the commission met, viewed the property, heard evidence and awarded damages of $4010. Notice of the award was mailed to the Thompsons on February 20 and they filed their petition for writ of certiorari on March 17, 1987.

## II. Motion to Dismiss.

■■■ A petition for writ of certiorari must be filed within thirty days from the time the tribunal, board, or officer, exceeded its jurisdiction or otherwise acted illegally. Iowa R.Civ.P. 319. An untimely filed petition for writ of certiorari deprives the appellate court of subject matter jurisdiction. *Greene v. Iowa Dist. Court for Polk County*, 312 N.W.2d 915, 919 (Iowa 1981). The City argues that Thompsons' time period for commencing their certiorari action started on January 19, 1987, when they were served with a notice of assessment. The Thompsons cite *Dickinson Company v. City of Des Moines*, 347 N.W.2d 436, 439–40 (Iowa App.1984), for the proposition that the City did not finally choose its course of action until the commissioners met, awarded damages, and notice of the award was mailed to the Thompsons on February 20, 1987.

■■■ A condemnee may test the initiating action of the condemnor by injunctive action, mandamus, and certiorari. Certiorari is available in condemnation cases involving jurisdictional questions, substantial departures from statutory requirements, and other illegalities by a lower tribunal, board, or commission. *Aplin v. Clinton County*, 256 Iowa 1059, 1062, 129 N.W.2d 726, 728–29 (1964). Jurisdictional issues first come into play when the condemnation commission commences damage appraisement proceedings. *See Thornberry v. State Bd. of Regents*, 186 N.W.2d 154 (Iowa 1971).

■■■ The Thompsons were notified that the court had ordered the compensation commission to meet and award damages for the taking of their property. The notice of assessment described the property to be condemned and its purpose. They were advised of their right to appear before the commission at the time of appraisal. Under Iowa law the City retained the right to limit or reduce the property inter-

**532**

est to be condemned prior to the time of assessment. *De Penning v. Iowa Power & Light Co.*, 239 Iowa 950, 956–58, 33 N.W.2d 503, 506–07 (1948). Thus, the City condemnation was not final for the purpose of Iowa Rule of Civil Procedure 319 until the assessment became final under Iowa Code sections 472.14, .17 & .18.

### III. *Condemnation of Easement.*

The Thompsons argue the City has no authority to condemn their land for a temporary easement. They argue the commission would be unable to assess damages because there was no time specified for the temporary easement nor was a purpose specified. The City claims it has broad powers to acquire by condemnation whatever interest in the land is necessary for the public purpose. Neither the Thompsons nor the City cite any Iowa case where the court authorized condemnation of a temporary easement. The district court found the Thompsons had failed to meet their burden of showing illegality of action by the City.

The Iowa Constitution provides "[p]rivate property shall not be taken for public use without just compensation first being made, or secured to be made to the owner thereof...." Iowa Const. art. 1, § 18. The constitution also provides "The rule or proposition of law that a municipal corporation possesses and can exercise only those powers granted in express words is not a part of the law of this state." Iowa Const. art. III, § 38A. In addition, by statute the right to take private property for public use is conferred upon all cities for public purposes which are reasonable and necessary as an incident to powers and duties conferred upon cities. Iowa Code § 471.4 (1985).

The Thompsons do not challenge the City's right to condemn their property for construction and maintenance of a grass waterway for surface water drainage over and across their property. Their only objection is to the condemnation of a temporary easement. Unless there is statutory authority that expressly specifies the nature and extent of the estate or interest

which shall be taken by eminent domain proceedings, a condemnor takes only the estate or interest in the property condemned that is necessary for the purpose of condemnation. Thus, the common rule is that no greater interest than an easement is presumed to be taken where an easement is sufficient to satisfy the purpose of the use or taking. 30 C.J.S. *Eminent Domain* § 450, p. 628 (1965).

However, the easement acquired by condemnation is not the same as a private easement. It is an easement in "gross" under the terms used in the *Restatement of Property* § 454 (1936) since it is appurtenant to nothing.

Takers of land under eminent domain receive a peculiar title or property right. As suggested by Justice Holmes in *Emery v. Boston Terminal Co.*, 178 Mass. 172, 184, 59 N.E. 763, 765 (1901), "If there is such a thing as a new title known to the law, one founded upon the taking by right of eminent domain is as clear an example as can be found." Although the condemnor is entitled to exclusive use of the land condemned, the owner retains the right to use the property for any purpose not inconsistent with the public right. *See Johnston v. Drainage Dist.*, 184 Iowa 346, 168 N.W. 886 (1918); *see also* 11 McQuillin, *The Law of Municipal Corporations* § 32.115 (3rd ed. 1983).

The Thompsons express concern the commission would be unable to determine damages for the temporary easement. The City's application for appointment of a commission to appraise damages specifically set out the purpose for which the condemnation was sought, identified the location of the proposed waterway, and provided a 170–foot wide temporary easement for the construction and maintenance of a waterway.

Written instructions for the members of the compensation commission are prepared under the direction of the chief justice of the supreme court and distributed to the sheriff. The sheriff then gives a copy of the instructions to each member and they are read aloud to each commission before it commences its duties. Iowa Code § 472.43 (1985). Where only a portion of

the property unit is taken, the commission is instructed that the measure of damages is the difference between the fair market value of the property immediately before condemnation and before it has been affected by the proposed public use and the fair market value of what is left after the taking.

We have recognized the condemnation of clearance or obstruction easements to provide a clear zone approach to airports. *Dolezal v. City of Cedar Rapids*, 209 N.W.2d 84 (Iowa 1973). We have allowed condemnation of a 100–foot easement for the erection of electrical transmission lines without imposing a right of access. *De Penning v. Iowa Power & Light Co.*, 239 Iowa 950, 33 N.W.2d 503 (1948). Where the permanent and temporary easement are specifically described and the purpose is clearly stated, the compensation commission can determine the condemnation damage. The condemnation proceedings to secure both a permanent and temporary easement over and across Thompsons' property is not illegal. The district court's discharge of the writ of certiorari was correct.

AFFIRMED.